GENERAL COURT, (E. S.) APRIL TERM, 1802.

## Dixon, use of Berry, vs. Swiggett.

April 1802

Dixon
vs.
Swiggett
Parol evidence cannot be given to prove the nonpayment of the consideration money for lands sold and conveyed, the deed expressing that the consideration had been received.

This was an action of general *indebitatus assumpsit*, with also a count for a *quantum valebat*, for money, the consideration for certain lands in Caroline county sold and conveyed by the plaintiff to the defendant.

*Hammond* and *J. Bayly*, for the plaintiff, in support of their case, offered parol testimony to prove, that the full *consideration money* had never been paid. They admitted the execution of the deed of bargain and sale conveying the land, and voluntarily exhibited a copy of it, wherein, according to the usual form, the full consideration money was acknowledged to have been received; and on the back, between the execution and the acknowledgment of the deed before the magistrates, a receipt of the consideration money was indorsed and signed by the bargainor as usual; but they contended, that the receipt in full within the body of the deed, as well as the indorsement of the same on the back, were mere *formalities*, and as such could not prevent them from shewing that the consideration money was in reality still due. They admitted that it placed the burthen of proof of nonpayment on them, but it was not *conclusive* against them.

*Martin*, (Attorney General,) and *Bullitt*, for the defendant, objected to the plaintiff's giving such parol testimony, on the ground that the deed itself, under the hand and seal of the plaintiff, estopped him from averring any thing contrary to it. They admitted, that where fraud was alleged, parol testimony might be received to shew that there was fraud in the execution of the deed, but it was not admissible for the plaintiff to introduce testimony to contradict his own deed.

The Court were of opinion, that the plaintiff in this case could not give any parol testimony to prove the nonpayment of the consideration money, contrary to his express acknowledgment of it on the face of the deed.

The Plaintiff nonsuited.