DAVID WOLFE, JUNIOR, *vs.* GEORGE HAUVER, ADM'R C. T. A. OF GEORGE HAUVER, JUNIOR.—*December* 1843.

The receipt in a deed for the conveyance of land is only *prima facie* evidence of the payment of the purchase money.

It is a familiar principle that receipts acknowledging the payment of money may be explained or contradicted. This constitutes an exception to the general rule giving a conclusive effect to written evidence; an exception introduced for general security and convenience, and to protect mankind from fraud.

The cases of *Wesley vs. Thomas,* 6 *Harr. & John.* 24; *Watkins vs. Stockett,* 6 *H. & J.* 435; *Betts vs. The Union Bank,* 1 *H. & G.* 175; *Hurn vs. Soper,* 6 *H. & J.* 277, were instances in which efforts were made to change the character of deeds, or to vary the consideration stated in them, and thereby either to alter their nature and character; or maintain a deed impeached for fraud, by setting up a different consideration from that stated on its face.

A receipt for the purchase money is no necessary part of a deed, as it would, in every respect, be as valid without it, as with it.

Though a party cannot discredit his own testimony, yet he may show that his witness is mistaken; and is not precluded from showing the truth by any testimony, oral or written, which he may produce.

Wolfe *vs.* Hauver.—1843.

Where the only question presented for the consideration of the court below, was the admissibility of the parol evidence offered, this court will not, since the act of 1825, ch. 117, entertain the enquiry, whether the particular action brought will lie for want of written evidence as required by the statute of frauds.

Where the bill of exceptions does not assert that the evidence offered, was all which was adduced by the plaintiff, this court will not assume that it contained all that was produced, for the purpose of raising a question, not presented by the record.

Where a witness proved the admission of a debt by the defendant in a conversation with him, he cannot, in reply to the question of why he called on the defendant, be permitted to testify to information which he had received from other persons strangers to the action ; though it constituted the inducement to call on the defendant, it was hearsay.

It is the duty of parties where they design to introduce hearsay evidence for the purpose of impeaching a witness, to apprise the court of such design.

It is incompetent to introduce illegal testimony, and then impeach the witness, by disproving the facts thus illegally established.

A declaration that the defendant is indebted in the sum of, &c., for land called, &c., containing, &c., before that time bargained and sold, delivered and conveyed, by deed bearing date, &c., by the plaintiff to the defendant, and being so indebted, in consideration thereof, undertook and promised, &c., is sufficient to maintain a demand for unpaid purchase money.

The conveyance of land, delivery of possession in pursuance of a deed, or in other words, the execution of the contract on the part of the plaintiff, as vendor of land, raises a duty on the part of the vendee to pay the consideration money which will sustain the judgment of the court.

The law equally implies a promise to pay for land sold and delivered, as it does in the case of the sale of goods, wares and merchandize.

APPEAL from *Frederick* County Court.

This was an action of *trespass upon the case,* &c., commenced on the 27th January 1841, by the appellee against the appellant. The plaintiff below declared for, that the defendant "was indebted to the said *George,* in his life time, in the sum of, &c., current money, for certain parts or parcels of land called *Good Luck,* &c., in the whole 202¾ acres of land, before that time bargained and sold by the said *George,* in his life time, to the said *David,* and under and by virtue of that bargain and sale delivered, and by deed of bargain and sale by the said *George,* in his life time, bearing date on, &c., to the said *David,* conveyed at the special instance and request of the said *David;* and being so indebted, he the said *David,* in consideration,

&c., &c., with the usual promise, undertaking and conclusion. The defendant pleaded *non-assumpsit,* on which issue was joined.

After verdict, the defendant moved in arrest of judgment:

1. Because the declaration is in substance defective and insufficient on general demurrer.

2. Because an action of *indebitatus assumpsit* cannot be sustained for the purchase money of the land specified in the plaintiff's declaration.

3. Because the plaintiff should have declared specially on the contract of sale of said land, and set forth the terms of sale and the mode of payment, according to the true intent and meaning of the parties to said agreement of sale, which motion was overruled.

At the trial of this issue the following exceptions were taken:

1st Exception. The plaintiff to support the issue on his part joined, offered and gave in evidence the following deed from *George Hauver,* deceased, to the defendant, as follows, to wit:

This indenture made this 30th day of December, in the year of our Lord eighteen hundred and thirty-four, between *George Hauver of Frederick* county and State of *Maryland,* of the one part, and *David Wolfe, jr.* of the same place of the other part, witnesseth, that the said *George Hauver,* for and in consideration of the sum of two thousand dollars, current money of the *United States,* to him in hand paid by the said *David Wolfe, jr.,* on or before the sealing and delivery of these presents, the receipt whereof the said *George Hauver* doth hereby acknowledge, and from every part and parcel thereof doth hereby acquit, exonerate and discharge the said *David Wolfe, jr.,* his heirs and assigns forever. And the said *George Hauver* hath given, granted, bargained and sold, aliened, released, enfeoffed and confirmed, and doth hereby give, grant, bargain and sell, alien, release, enfeoff and confirm, unto the said *David Wolfe, jr.,* his heirs and assigns forever, all the following parts or parcels of land lying in the county and State aforesaid, to wit,

&c. To have and to hold the said lands and premises to the said *David Wolfe, jr.,* his heirs and assigns forever, his and their only proper use and behoof, and to and for no other use, intent or purpose whatsoever. He the said *George Hauver,* for himself, his heirs, executors and administrators, hath covenanted, and doth hereby covenant and agree, to and with the said *David Wolfe, jr.,* his heirs and assigns, to warrant and forever hereafter defend said lands and premises against him the said *George Hauver,* and against all persons claiming by, from or under him, them or any of them. In testimony, &c.

The plaintiff then proved by *Isaac Draper,* a competent witness, that the defendant, immediately after the execution and delivery of said deed, went into the possession of the land conveyed to him by said deed, and has continued in possession ever since, up to this time, and that the said *George Hauver* died in the month of August 1837. He then offered further to prove by said witness, that some time in or about the month of December 1838, the defendant, in conversation with him the witness, admitted that he had not paid all the purchase money for said land, as stated in the said deed, but that a part of it was yet due and unpaid; to the admissibility of which evidence the defendant by his counsel objected, on the ground that the deed itself which the plaintiff had offered in evidence, under the hand and seal of the said *George Hauver,* deceased, estopped him from averring or proving that he the said grantor had not received the purchase money as stated and admitted by him in said deed, but the court (TH. BUCHANAN, A. J.) was of opinion, that the testimony so offered by the plaintiff was legal and competent for the purpose for which it was offered, and permitted the same to go to the jury. The defendant excepted.

2ND EXCEPTION. In addition to the testimony offered in the first bill of exceptions, which is to be taken and considered as a part of this second bill of exceptions, the plaintiff proved by *John W. Miller,* a competent witness, that some time in the month of March 1839, he called upon the defendant to pay an account that he witness had against *George Hauver,* deceased;

that *Wolfe* then told him that he had received a letter from *George Harman*, who married one of the heirs of said *Hauver*, deceased, offering to take $100 for his share of the purchase money for the land mentioned in said deed; said witness was on his cross examination by the defendant asked by the defendant's counsel whether he was ever acquainted with the defendant; to which he answered, that they were entire strangers. The defendant's counsel then asked the witness why he had called on the defendant for the payment of the debt due to him, not by the defendant, but by the said *George Hauver*, deceased, in reply to which said question, the said witness said that some of the other heirs of said *George Hauver*, deceased, had told him that the defendant was to pay the debts of said *George Hauver*, deceased; to which answer of said witness the plaintiff objected, and the court (TH. BUCHANAN, A. J.) was of opinion, that the said answer was illegal, and not proper to go to the jury, and rejected the same, and refused to permit the witness to state to the jury that he had been informed by some of the heirs of *George Hauver* that the defendant was to pay the debts of *George Hauver*, deceased, on the ground, it was offering hearsay evidence in the cause; that the witness was competent to prove any thing that the plaintiff said to him, but that any thing said by other persons not connected with the suit, could not be given in evidence to the jury against the plaintiff; that if any other persons could prove that the defendant *Wolfe* was to pay the debts of *Hauver*, they are competent to do so, as witnesses, but that their declarations are not evidence; to which opinion and rejection the defendant excepted.

The verdict and judgment being against the defendant, he brought this appeal.

The cause was argued before STEPHEN, ARCHER, DORSEY and CHAMBERS, J.

By PALMER and F. A. SCHLEY for the appellants, and
By BRENGLE and WORTHINGTON for the appellees.

ARCHER, J., delivered the opinion of this court.

The first question which arises in this case is as to the admissibility of parol evidence to show that the consideration acknowledged in a deed to have been paid, has not in fact been paid. Much contrariety of decision prevails in the various courts upon this question. The later *English* cases appear to be decisive against the admission of such testimony; while in this country the weight of authority is the other way. In *Ohio, Kentucky, South Carolina, Pennsylvania, New York, Connecticut, New Hampshire* and *Massachusetts*, the acknowledgment of the receipt of the consideration money in a deed has been held to be only *prima facie* evidence. While in *North Carolina, Alabama* and *Maine*, such acknowledgment is considered as an estoppel and conclusive. In our own State the decisions have been contradictory.

In the *General Court*, at May T. 1796, suit was instituted by *O'Neale against Lodge*, on a covenant for the sale of land, and the defendant relied on a receipt in the body of the deed given by the plaintiff to the defendant, and also on a receipt endorsed on the deed, acknowledging the receipt of the consideration money, as conclusive evidence of payment. The court, however, decided it was evidence of the lowest order, because it was but the mere formal part of a deed, and it was every day's practice to have a receipt on the back of a deed, when, perhaps, nine times in ten there was not a shilling paid. In 1802, in the case of *Dixon vs. Swiggett*, which was an action of *indebitatus assumpsit* for land sold, the same court determined that the plaintiff could not give any parol evidence to prove the non-payment of the consideration money, contrary to his express acknowledgment of it on the face of the deed. This question was again raised in this court in the year 1827, in the case of *Higdon and Thomas*, 1 *Harr. & Gill*, 139. There an action was instituted by *Higdon* against the defendants, on a contract for the sale of lands. The plaintiff offered in evidence the contract, and proved the execution and delivery of a deed to the defendant, in which the consideration money was acknowledged to have been received, and proved

that the defendant had, after the conveyance, entered into the possession of the lands conveyed; whereupon, the defendant moved the court to instruct the jury, that the plaintiff; upon the evidence offered by him, was not entitled to recover. Had the receipt in the deed operated as an estoppel upon the plaintiff, or furnished conclusive evidence of the payment of the purchase money, the direction prayed was the law of the case, and the plaintiff would not have been entitled to recover. So that the question was directly raised in the case, and it was decided by this court upon the authority of the *American* cases, that the receipt in a deed was only *prima facie* evidence of the payment of the purchase money. Since that period, we are not aware of any case which has not conformed to it. Certainly none have occurred in this court, and the subordinate tribunals, it is to be presumed, have yielded obedience to it. It would seem to be too late at this day, to agitate again this question, which we must consider as firmly settled as any other which could be presented to our consideration.

In the case of *Gully and Grubbs*, 1 *Marshall*, 388 '9, 390, the court say "they believe the consistent doctrine, and that which accords best with analogy, and with the practice and understanding of mankind, is that the acknowledgment in a deed of the receipt of the consideration, is only *prima facie* evidence of payment. The acknowledgment is inserted more for the purpose of showing the actual amount of consideration, than its payment, and it is in general inserted in deeds of conveyance, whether the consideration has been paid or agreed to be paid. If the consideration had not been paid, such an acknowledgment in a deed would be intended to mean that the specified amount had been assumed by note or otherwise. With these views we accord." It is a familiar principle that receipts acknowledging the payment of money may be explained or contradicted. This constitutes an exception from the general rule giving a conclusive effect to written evidence, and it has been properly said, that the exception was introduced for the general security and convenience, to protect mankind from fraud. If the receipt or release in the deed is

to operate as an estoppel, or to be considered as conclusive in its character as evidence, how could promissory notes, taken for the purchase money of land, be recovered? If they remained in the hands of the vendor, he would be estopped by his deed which acknowledged payment for the consideration money. Nor could there be any recovery on any parol contract, in writing, for the consideration money, if a deed acknowledging the payment had been made. To this extent the doctrine would seem to lead inevitably.

The determination of this court in *Wesley and Thomas; Stockett and Watkins; Betts and The Union Bank,* and *Hurn and Soper,* will, as we apprehend, be found to have no bearing on this question. These were cases in which efforts were made to change the character of deeds, or to vary the consideration stated in the deeds, and thereby either to alter their nature and character, or to maintain a deed impeached for fraud, by setting up a different consideration from that stated on the face of the deed. But in the case before us, the introduction of the evidence proposed to be offered, neither changes nor affects any right transmitted in the property conveyed by the deed; it operates no change in the legal character of the instrument, nor in any manner affects injuriously any part of the deed as a conveyance. The receipt of the purchase money is no necessary part of the deed, as it would, in every respect, be as valid without it as with it.

It is secondly insisted, that as the plaintiff had offered the deed in evidence, containing the receipt for the purchase money, it was incompetent for him to show that the purchase money had not been paid. The case of *Higdon and Thomas* furnishes a decision against this position. There the plaintiff offered the deed in evidence, and if the position now maintained was true, the instruction granted by the court below would have been affirmed; but it was on the contrary reversed. But independent of this authority, the principle is clear and undeniable, that although a party cannot discredit his own testimony, yet he may show that his witness is mistaken, and is not precluded from showing the truth by any testimony, oral or written, which he may produce.

It is contended under the first bill of exceptions, that there being no note or memorandum in writing of the agreement, signed, &c., for the sale of the land in question, as required by the statute of 29 *Chas.* 2, ch. 3, *the action of indebitatus assumpsit will not lie.* The bill of exception raises no such question, and none such was decided by the court below, and we are forbidden by the act of 1825, ch. 117, from the examination of this question. The only question presented for the consideration of the court below on this exception, is on the admissibility of the parol evidence offered, for the purpose of proving that the purchase money for the land had not all been paid. Whether the plaintiff did or did not produce any memorandum in writing, signed by the party to be charged, the record does not inform us, for the bill of exceptions does not assert that the evidence offered was all which was adduced by the plaintiff.

We concur with the court below in the opinion by them expressed in the second bill of exceptions. The evidence offered by the defendants was properly rejected as hearsay. It has been argued, that the answer should have been received that the defendants might have an opportunity of impeaching the witnesses testimony by calling up the witnesses to whom he referred, and by them disproving the witnesses statement; to this we think there are two objections, which would induce us to affirm the court's opinion: first, the defendant did not disclose to the court that his design by the introduction of the evidence, was to impeach the witness, of which, we think the court ought to have been apprised; and secondly, because it is incompetent to introduce illegal testimony, and then impeach the witness by disproving the facts thus illegally established.

After verdict, a motion in arrest of judgment was made, upon the ground, that the declaration is defective and insufficient, and two reasons are assigned for the motion, viz: that an action of *indebitatus assumpsit* will not lie for land sold, and that the plaintiff should have declared specially on the contract of sale, and set out the terms of sale and the mode of payment

according to the agreement of the parties. In *England,* the forms of pleading in *Wentworth* and in *Chitty* are given, corresponding with the present declaration.

In 1 *Chitty,* 338, it is said, the common counts relating to real property are for the price of a freehold or leasehold estate, &c., sold and conveyed to the defendant, when there has been no contract under seal, for the payment of the price. In 2 *Sand. Plead. and Evid.* 502, it is said, when speaking of the action of *assumpsit* by vendor against vendee of real property, it is usual to insert the common indebitatus counts. And the only doubt which has been thrown upon this question, has proceeded from 2 *Chit. Plead.* 32, *n. a.* But it will be found upon examination of the case of *James vs. Shore,* 1 *Stark Rep.* 426, referred to by *Chitty,* that the plaintiff sought to recover of the defendant, who had bought the land and refused to take it, the difference between the price at which it had been bought in by the defendant and that for which on a re-sale it had been purchased, and *Lord Ellenborough* said the commissioners were authorised to re-sell, and having re-sold these lots, they could not be considered as sold to the defendant. This, we think, furnishes no argument against the common count in the ordinary case of the sale of land.

In *New York,* it has been decided, that *indebitatus assumpsit* will lie in such case, 14 *John.* 210; 20 *John.* 38.

In *Connecticut* the same doctrine is maintained, and in *Belden and Seymour,* 8 *Con.* 313, it is treated as a settled doctrine, that an action of *assumpsit* will lie for the price of land agreed to be paid, and the court cite three cases in that State in which the action was maintained.

A contrary doctrine prevails in *Pennsylvania,* as appears by the decision of the court in 11 *Serg. and R.* 49, and the intimation given by the court in 7 *S. & R.* 311; but these decisions do not appear to us to be satisfactory. In the former case, the question submitted to the court was, whether, under an *indebitatus assumpsit* count, for goods sold and delivered, you could give evidence of the sale of a growing crop.

The reasons assigned for the judgment are, that the contract was special and executory; that a growing crop did not exist as goods, wares or merchandize, and was incapable of delivery as such, and that the count gave no notice to the defendant of an intention to recover for a growing crop. These may be very good reasons for the particular judgment of the court in that case; but they certainly do not apply to the count now under consideration; for here the contract is averred to have been executed by the delivery of a deed of bargain and sale, and full notice is given in the declaration of the character of the claim. The execution of the contract, the contract price, and the land sold, are all stated. In *Harris' Entries*, a count is also given, such as exists in this case, and in *Dixon and Swiggett*, 1 *H. & J.* 252, a general count was relied upon, and no objection appears to have been taken by the eminent counsel engaged in the case. In the case of *Repp vs. Repp, MSS.* decided by this court at June term 1842, there was a similar count. We may thus infer that this practice has long prevailed in this State, and we perceive nothing in principle to disturb it. The conveyance of the land and the delivery of possession in pursuance of the deed, or in other words, the execution of the contract on the part of the plaintiff, raises a duty on the part of the vendee to pay the consideration money, which will sustain the count. Why should not such a duty be created as well by the sale of land as by the sale of goods? It is said, the subject matter of the contract savours of the realty, and therefore the count is bad. But we have seen no case which sanctions this technical reason, and unless cases be furnished, deciding the question upon satisfactory grounds, we should feel ourselves bound to say, that the law equally implies a promise to pay in the case before us, as it does in the case of the sale of goods, wares and merchandize.

JUDGMENT AFFIRMED.