JOHN MORGAN *vs.* JOHN BITZENBERGER.—*December* 1845.

*B* sold *M* a parcel of land, executed a deed of bargain and sale therefor, and put him in possession. The deed contained a receipt for the purchase money. The proof showed, that *M*, at time of sale, paid part of purchase money. Shortly after, paid another part, and gave his promissory note for the balance; before the note fell due, the vendee took up the note, by his own order on *F*, for the like sum. This order *F* refused to pay, and upon the fact of the refusal being communicated to *M*, he asked *B* to hold on to the order, that *F* must pay it. In an action of *assumpsit*, to recover the unpaid part of the purchase money; HELD:

1st. That the claim was not within the statute of frauds.

2nd. That the evidence was sufficient, in point of law, to go to the jury, to rebut the *prima facie* evidence of the payment of the purchase money, created by the receipt and release in the deed.

It is the province of the court to determine, whether evidence is legally calculated to conduct the mind of a jury to a conclusion.

It is the province of the jury to determine, the sufficiency or insufficiency of the evidence in fact, to prove the affirmative or negative of the issue.

Payment or non-payment of the purchase money, was, in this case, exclusively for the jury.

Taking a promissory note for a simple contract debt, does not, *per se*, extinguish the original cause of action.

Where a note of the debtor was taken for a debt, and the creditor afterwards sues him upon the original contract, proof that the note was redelivered to the debtor, sufficiently accounts for its absence at the trial.

The order of a debtor on a third party, given to his creditor, which was dishonored, and tendered to the debtor, interposes no objection to recovery upon the original consideration.

APPEAL from *Frederick* county court.

This was an action of *assumpsit*, brought on 25th February 1843, by the appellee against the appellant. The plaintiff declared in *indebitatus assumpsit*, in the sum of, &c., for certain land and premises, bargained, sold and conveyed by the plaintiff to the defendant, at his request, &c. The defendant pleaded *non assumpsit*. The jury found a verdict for the plaintiff.

In this case, the plaintiff to sustain the issue on his part joined, offered in evidence, by parol, to the jury, that the tract of land and premises, with the appurtenances, to recover the purchase money for which this action was brought, was sold and conveyed, by deed, by the plaintiff to the defendant, for the sum

of $355, the evidence by parol being admissible, because of the deeds being in the possession of the defendant, not on record, and which said defendant, though notice had been given to produce the same, failed to do so. The plaintiff, then, further proved to the jury, that at the time, and of the execution and delivery of said deed to the said defendant, for the said land and premises, he, the said defendant, paid to the said plaintiff, in money, the sum of $55, part of the purchase money, and that said defendant, shortly after, paid to said plaintiff the sum of $100, part of the purchase money, and gave his promissory note for the sum of $200, payable ten months after date, viz :—

"Ten months after date, I promise to pay to *John Bitzenberger*, or order, two hundred dollars, for value received. Witness my hand, this 31st day of May 1841.

$200.                             John Morgan."
            "Test,       John Measel."

for the balance of the purchase money. And the plaintiff further proved, that at the time of the sale, and the execution of the said deed, the said defendant went into possession of said land and premises, and has remained in possession thereof ever since. The plaintiff further to sustain the issue on his part, proved, that sometime before the said promissory note became due, the said defendant gave to the said plaintiff an order, viz :

"*Mr. William F. Johnson.* Sir :—Pay *John Bitzenberger*, one hundred and fifty dollars on my account, and oblige yours.                             John Morgan.

October 15th, 1842."

upon *Wm. F. Johnson,* for the sum of $150, being the balance due on the said promissory note, and upon giving such order, took up said promissory note from the said plaintiff ; that the said plaintiff presented said order to the said *Wm. F. Johnson,* for acceptance or payment, who refused to account or pay the same, and has never accepted or paid the same, or any part thereof ; that the said plaintiff then called upon said defendant, and offered to return said order, and demanded back the said promissory note, which had been taken up by said defendant, upon giving said order upon said *Wm. F. Johnson;* that said

defendant told said plaintiff, to hold on to the said order, meaning the said order on the said *Johnson*, that he would see said *Johnson*, and he must pay it. The defendant then produced said deed from the plaintiff to defendant for said land, and offered the same in evidence, viz :—

"This indenture, made this 31st May 1841, between *John Bitzenberger*, of, &c., and *John Morgan*, of, &c., witnesseth, that the said *John Bitzenberger*, for and in consideration of the sum of $355, current money, to him in hand paid by the said *John Morgan*, at and before the sealing and delivering of these presents, the receipt whereof is hereby acknowledged, he, the said *John Bitzenberger*, hath granted, &c., and by these presents doth grant, &c., unto him, the said *John Morgan*, all his right, title, interest and estate, of, in, and to, twenty-eight acres of land, more or less, being part of a tract of land, called "*Rocky Hill*," together with, &c., it being the same estate conveyed to the said *John Bitzenberger*, by *Edward Y. Goldsborough*, of, &c., by deed, &c.; to have and to hold, &c., unto him, the said *John Morgan*, his heirs and assigns, for and during the lifetime of a certain *James Naylor*. In witness," &c. Which deed was admitted to have been executed and acknowledged in due form of law.

The defendant prayed the court to instruct the jury, that from the evidence offered to the jury, in this case, under the pleadings, the plaintiff is not entitled to recover the purchase money, or any part thereof, specified and agreed to be paid in the deed, from the plaintiff to the defendant, under the evidence in the cause.

*First*. Because there is no note or memorandum in writing, signed by the said *John Morgan*, of the contract for the sale of the land and premises for which the action is brought, and that the case is within the statute of frauds.

*Second*. Because there is no sufficient evidence of the non-payment of the purchase money, of $350, for which this action is brought, to go to the jury, to repel and contradict the evidence of the receipt and release, in the deed of conveyance of the payment and receipt of the purchase money, by the defendant to the plaintiff.

*Third.* Because the remedy of the plaintiff, if he have any, is upon the said order or draft of $150, which was not accepted and paid, or *indebitatus assumpsit* for so much money; and not for land sold and conveyed; which opinion and direction, the court, (T. Buchanan and Marshall, A. J.,) refused to give. The defendant excepted, and prosecuted this appeal.

The cause was argued before Archer, C J., Dorsey, Chambers, Spence Magruder and Martin, J.

By Palmer for the appellant, and
By George Schley and Wm. Schley, for the appellees.

Spence, J., delivered the opinion of this court.

This was an action of *assumpsit*, brought by defendant in error against plaintiff in error, to recover the purchase money for a tract of land sold and conveyed by appellant, by deed of conveyance, and possession delivered to appellant. The appellant pleaded *non assumpsit*.

The defendant in error, to maintain the issue on his part, offered evidence to the jury of the sale of the land and premises; the execution of the deed, to the plaintiff in error; and of his possession of the land from the time of sale. The defendant in error also offered evidence to the jury, that at the time of the execution and delivery of the deed by defendant in error to the plaintiff in error, the plaintiff in error paid to the defendant in error the sum of $55, part of the purchase money; and shortly afterwards, the further sum of $100, of the purchase money; and gave his promissory note to defendant in error, for $200, payable ten months after date.

The defendant in error, offered evidence to the jury, also, to prove, that some time before said promissory note became due, the plaintiff in error gave to the defendant in error, an order or draft on a certain *William F. Johnson* for $150, and that said plaintiff took up his said promissory note. That the said defendant presented said order to *William F. Johnson* for acceptance, who refused to account or pay the same, and who has never accepted or paid the same, or any part there-

of; that the defendant then called upon said plaintiff, and offered to return said order, and demanded back the promissory note which had been given by the defendant to the plaintiff, when he, the said plaintiff, gave the order on *W. F. Johnson*, to the defendant; that the plaintiff told the deffendant to hold on to said order; that he would see said *Johnson*, and he must pay it. The plaintiff in error, then, produced the deed from defendant in error to him, for said land, and offered the same in evidence to the jury:—the said deed being admitted to have been executed in due form of law.

"Whereupon the plaintiff in error prayed the court to instruct the jury, that from the evidence offered to the jury, in this case, under the pleadings, the plaintiff, (defendant in error,) is not entitled to recover the purchase money, or any part thereof, specified and agreed to be paid in the deed from defendant in error to plaintiff in error, under the evidence in the cause:—

*First.* Because there is no note or memorandum in writing, signed by the said *John Morgan*, of the contract for the sale of the land and premises, for which this action is brought; and that the case is within the statute of frauds.

*Secondly.* Because there is no sufficient evidence of the non-payment of the purchase money of $350, for which this action is brought, to go to the jury to repel and contradict the evidence of the receipt and release in the deed of conveyance, of the payment and receipt of the purchase money, by the defendant to the plaintiff.

*Thirdly.* Because the remedy of the plaintiff, if he have any, is upon the said order or draft, of $150, which was not accepted or paid, or *indebitatus assumpsit* for so much money, and not for land sold and conveyed.

Which opinion and direction the court refused to give, and the defendant, (plaintiff in error,) excepted.

That this case was not within the statute of frauds, is, in our judgment, conclusively settled by the case of *Wolf vs. Hauver*, 1 *Gill*, 84, where the court says: "The conveyance of the land, and the delivery of possession, in pursuance of the deed, or in other words, the execution of the contract on the

part of the plaintiff, raises a duty on the part of the vendee to pay the consideration money, which will sustain the count. Why should not such a duty be created, as well by the sale of land, as by the sale of goods? It is said, the subject matter of the contract savours of the realty, and therefore the count is bad. But we have seen no case which sanctions this technical reason, and unless such case be furnished, deciding the question upon satisfactory grounds, we should feel ourselves bound to say, that the law equally implies a promise to pay, in the case before us, as it does in the case of sales of goods, wares, and merchandize "

The case of *Wolf vs. Hauver,* 1 *Gill,* 84, also settles the question conclusively, that the receipt in a deed of bargain and sale, for the consideration money, is only *prima facie* evidence of that fact; and that it was competent for the plaintiff to offer evidence to the jury, to rebut such *prima facie* evidence, and show, that the purchase money was not in fact paid.

One of the grounds relied on by appellant's counsel, was the insufficiency of the evidence to repel and rebut the *prima facie* evidence of the payment of the purchase money for the land, created by the receipt and release in the deed.

It is the province of the court to determine whether evidence is legally calculated to conduct the mind of the jury to a conclusion, but it is the province of the jury to determine, the sufficiency or insufficiency of the evidence to prove the affirmative or negative of the issue. There certainly was evidence, admissible and competent, as disclosed by the record, given to the jury, and it was their province to determine the question, whether the purchase money was, or was not paid, as stated in the deed.

We do not find the doctrine sanctioned by authority, that the taking a promissory note for a simple contract debt, *per se,* extinguishes the simple contract, or original cause of action. 6 *H. & J.,* 166.

The answer to the argument, founded on the non-production of the promissory note on the trial, is found in the fact, that the proof shewed that it had theretofore been delivered to the defendant, and the law authorises neither unnecessary or unreasonable demands.

The position taken by appellant's counsel, in relation to the draft or order on *Johnson*, is obnoxious to the same objection as the one in relation to the promissory note, it did not extinguish the original contract.   It had been tendered to appellant, after acceptance was refused by *Johnson*, by appellee, and appellant insisted on appellee's retaining it; and further, it would seem that it was in court at the trial.

JUDGMENT AFFIRMED.