RANDALL, for the Claimants.

ALEXANDER, for the Exceptant, Louis Mackall, Junior.

BASIL D. SPALDING,
vs.
GEORGE BRENT ET AL.

JOHN SPALDING ET AL.
vs.
GEORGE BRENT ET AL.

} DECEMBER TERM, 1850.

[RECEIPTS IN DEEDS—VENDOR'S LIEN.]

IT is a settled principle, in this State, that the receipt in a deed is only *prima facie* evidence of the payment of the purchase-money, and may be explained or contradicted by parol.

Such receipts are inserted more for the purpose of showing the actual amount of consideration, than its payment; and if the money is not paid, they are intended to mean, that the specified amount had been assumed by note, or otherwise.

The fact that the grantor has in his possession a single bill of the grantee, given to secure the payment of the purchase-money for the land conveyed, is sufficient to countervail the receipt in the deed.

Arbitrators, selected by children to ascertain their respective proportions of the real and personal estate of their father, made an award on the 18th of March, 1835, valuing said estates at $9,737 75; and that the share of B. S., one of the children, was $2,516 65; and that upon payment by G. S. of the shares of his co-heirs, they should convey to him the real estate and release the personalty. G. S., executed to B. S., his single bill for $2,163 27, without date, but bearing interest from the 29th of January, 1835; and on the 2d of May, 1836, B. S. gave to G. S. a receipt, stating

that he had received of the latter " a *full consideration* for his entire interest in his late father's estate." HELD—

That, in view of its terms, and the fact that B. S. retained in his possession the single bill referred to, this receipt cannot have the effect to defeat the claim of B. S. for this debt, and he is, to the extent of his share of the realty, an unpaid vendor thereof, and has a right in equity to pursue the estate or its proceeds, as against the vendee or volunteers claiming under him or his judgment and general creditors.

Where parties stand to each other in the relation of guardian and ward, or *quasi* guardian and ward, every reasonable intendment should be made for the benefit of the ward, in the construction of transactions or contracts between them, occurring soon after the termination of that relation.

---

[The real and personal estate of George R. Spalding, deceased, was sold under the proceedings in this case, for the purpose of paying his debts; and the claim against it of Basil D. Spalding, is considered and decided upon by the Chancellor, in the following opinion, in which all the facts relating to the claim, are fully stated.]

---

THE CHANCELLOR:

This case has been argued upon the exceptions of John Spalding and others, complainants in the second of the above causes, and of Basil D. Spalding, the complainant in the first cause, to the reports and accounts of the Auditor; and the only question which I now purpose to consider, has reference to the claim of Basil D. Spalding, and relates to the extent and character of that particular claim, which is designated as claim No. 5, by the Auditor.

It appears, by the proceedings, that certain persons selected as arbitrators by the children and heirs-at-law of George H. Spalding (of whom George R. Spalding and Basil D. Spalding were two, the former, in the submission, acting as the next friend of the latter), for the purpose of ascertaining the respective proportions of said children, of the real and personal estate of their said father, then in the hands and possession of the said George R. Spalding, made their award on the 18th of March, 1835, by which they determined, that the value of the entire real and personal estate was $9,737 75, and that

the share or proportion of Basil D. Spalding of this sum, was $2,516 65. And the arbitrators further awarded, that, upon the payment, by George R. Spalding, of the shares of his co-heirs thus ascertained, they should each convey to him their title to the real estate of their father, and release their interest in his personal estate.

It further appears, that George R. Spalding executed and delivered to the said Basil D. Spalding, his single bill for $2,163 27, without date, though upon the face of it, bearing interest from the 29th of January, 1835; and by a paper, filed by the defendant, it appears that on the 2d of May, 1836, Basil D. gave to George R. Spalding, a receipt in the following terms: "Received of George R. Spalding, a full consideration for my entire interest in my late father's estate; and do acknowledge myself content with my late mother's will, and do abide thereby." There is also in the record, a deed, dated the 18th of August, 1837, purporting to have been executed by the heirs of George H. Spalding, conveying to the said George R. Spalding for the consideration of $5,000, as therein expressed, all the interest of the grantors in the real estate of their said father. The genuineness of this deed, so far as relates to all the grantors but Basil D. Spalding, is not controverted. As to him, it is disputed; and independent of the parol evidence, the weight of which is against the deed, so far as he is concerned, there are upon its face marks of suspicion, which, if it were absolutely necessary to decide upon its genuineness, would press heavily in the scale against it.

As, however, I do not think, conceding that the deed was executed by Basil D. Spalding, that it is sufficient to accomplish the purpose for which it was introduced, I do not deem it necessary to express a final opinion in regard to it.

This deed contains an acknowledgment in the body of it of the receipt by the grantors of the consideration-money; and there is, moreover, a receipt, purporting to have been signed by them, appended to it. And this receipt, and that of the 2d of May, 1836, before referred to, are relied upon by the complainants in the first case, as evidence of the full and en-

tire payment of the claim of Basil D. Spalding, and upon the strength of which they seek to exclude him from all participation in the fund.

It is an acknowledged principle, in this State, whatever diversity of opinion may exist elsewhere, that the receipt in a deed is only *prima facie* evidence of the payment of the purchase-money, and may be explained or contradicted by parol. *Wolf* vs. *Hauver*, 1 *Gill*, 84. In that case, the Court quote with approbation the following language in the case of *Gully* vs. *Grubbs*, 1 *J. J. Marshall*, 388 : "The acknowledgment in a deed of the receipt of the purchase-money, is only *prima facie* evidence, and is inserted more for the purpose of showing the actual consideration, than its payment; and it is, in general, inserted in deeds of conveyance, whether the consideration has been paid or agreed to be paid." "If the consideration had not been paid, such an acknowledgment in a deed would be intended to mean, that the specified amount had been assumed *by note or otherwise.*"

These remarks, in the propriety of which the Court of Appeals express their concurrence in the case referred to, seem to me to be a complete answer to the objections to this claim, founded upon the acknowledgment and receipt for the purchase-money contained in the deed. Basil D. Spalding has in his possession the single bill of his brother, George R. Spalding, for $2,163 27, and, assuming that this obligation was given to secure the payment due the former from the latter for his proportion of the *estate of their father*, it is evidence sufficient to countervail the acknowledgment in the deed, which, say the Court, "is in general inserted in deeds of conveyance, whether the consideration has been paid or agreed to be paid."

The single bill is an agreement in the most solemn form, to pay the money expressed in it, and must prevail against the mere *prima facie* evidence furnished by the deed. If, in truth, George R. had paid Basil the amount of this single bill, it is certainly difficult to believe he would not have required the redelivery to him of his obligation, and his not having done so,

is in my judgment quite strong enough to destroy a species of evidence so weak and inconclusive as that opposed to it.

The receipt of the 2d of May, 1836, in view of the fact that Basil D. Spalding retained in his possession the single bill of his brother, and the terms in which the receipt is couched, cannot be permitted to have the effect of defeating the claim. It does not profess to have been given for money paid, makes no reference whatever to the obligation in question, but is a mere acknowledgment on the part of Basil D. Spalding, that he had received a full consideration for his interest in the estate of his father. Now it may very well be that he considered the single bill of his brother then delivered to him, or already in his possession, as a full consideration. This obligation was a solemn and binding agreement to pay the money, and might well have been regarded as a satisfactory consideration, not only for the deed, but for the receipt. It would, to be sure, have been more prudent, and more according to the cautious and careful mode of doing business which persons of experience observe, if he had displayed upon the face of the paper the nature of the consideration received by him. But when it is remembered that George R. Spalding, the party to whom it was given, had undertaken to act as the guardian of his brother Basil, a construction upon their transactions unfavorable to the interests of the latter will not be adopted. It is fairly to be inferred from the record, that at the date of this receipt, Basil was scarcely *sui juris*, and in every transaction between him and the person who had acted as his guardian, the Court, if ambiguity or mystery surrounds it, will indulge in no conjecture injurious to the ward. It is for the guardian to offer the explanation and disperse the cloud, and unless he does so, the interpretation must be against him.

It has been remarked, as a circumstance of much force, and strongly tending to show that the money secured by the single bill was not paid when the receipt was given, that the party taking the receipt did not require the surrender of his obligation. But assuming that his carelessness in this respect is not entitled to the weight imputed to it, surely the omission in the

receipt of any reference to the single bill is very significant. It cannot be supposed that a man of ordinary prudence would not only, when paying his bond or note, omit to take it up, but leaving it in the hands of his creditors, he would take his receipt, making no allusion whatever to it.

I cannot in this case impute such indiscretion to George R. Spalding, and therefore am of opinion that his debt to his brother has not been paid. The next question has reference to the amount of this debt.

According to the award of the arbitrators, dated the 18th of March, 1835, his proportion of the real and personal estate of his father, to be paid by his brother George R. Spalding, was ascertained to be $2,516 65, but the single bill of his said brother to him is for $2,163 27, with interest from the 29th of January, 1835. This latter paper has no date, and we are left to conjecture the period of its execution; and I think it quite reasonable to presume, it was executed and delivered on the day of the date of the receipt of the 2d of March, 1836. It is not at all improbable that between the date of the award and of the receipt, a settlement of accounts had taken place between these parties, and that the sum ascertained to be due by the arbitrators had in some way been reduced to the amount stated in the single bill. Indeed, the record furnishes evidence that there were dealings between them, and that George R. Spalding, who was *quasi* guardian to his brother, had made advances to and supplied him with necessaries. Under these circumstances, we may well suppose that the note was given for the precise balance then due, and I therefore am of opinion, that the amount therein expressed must be taken as the extent of the indebtedness of George R. Spalding, and that Basil must be regarded as his creditor for that sum, and no more.

Being then of opinion, for the reasons briefly stated, that Basil D. Spalding is a creditor of the estate of his brother, George R. Spalding, and having fixed the amount of his claim, the only remaining question to be decided at this time, relates to the character of the claim.

It is insisted by his counsel that he is an unpaid vendor of

real estate, and has a right in equity to pursue the estate or its proceeds as against the vendor or volunteers claiming under him, or his judgment or general creditors. And this proposition is too firmly established by authority to be successfully disputed. *Sections* 1218 *and* 1228, *in* 2 *Story's Eq.*, and the case of *Repp* vs. *Repp,* 12 *G. & J.*, 341, are entirely conclusive of the question. Indeed, the counsel on the other side has not controverted the principle, but seeks to escape its operation, by showing the difficulty, if not the impracticability, of applying it under the peculiar circumstances of this case.

This debt, as appears by the award, was partly for real, and partly for personal estate, and there is nothing upon the face of the award to show what amount of either constituted the sum total of the claim. The difficulty, then, is in segregating its component parts, and ascertaining what proportion of the entire indebtedness is on account of the interest of Basil D. Spalding, in the real estate of his father, for beyond that proportion, of course, he can have no pretence for claiming the benefit of the vendor's lien. There is, no doubt, some difficulty upon this point, but in view of the relation which these parties bore to each other, it seems to me to be the duty of this Court rather to exert itself to overcome the difficulty, than to press it with undue severity. They stood to each other in the relation of guardian and ward, or *quasi* guardian and ward, and every reasonable intendment should be made for the benefit of the ward, in the construction of transactions or contracts between them, occurring soon after the termination of that relation.

Giving the proper weight to this consideration, and perhaps independently of it, there is, I think, in the record, sufficient evidence that a certain proportion of this debt is for the purchase-money of real estate. The deed to George R. Spalding, from Hamilton and wife, John F. Spalding and wife, and purporting also to have been executed by Basil D. Spalding, by which the interest of the grantors in the estate of George H. Spalding was conveyed to the grantee, was for the consideration of $5,000. The interest, therefore, of these grantors in

that estate was conveyed for that sum, and as Basil D. Spalding's interest was one-third, I see no insuperable objection to giving him the benefit of the vendor's lien for that proportion, say $1,666 66⅔.

The estate, when sold by the trustee, subject to the dower of the widow, brought $2,626 06, and upon the interest of Basil D. in the estate, I am of opinion he is entitled to be regarded as the holder of the vendor's equitable lien, and to be paid in preference to the general or judgment creditors of George R. Spalding. For the residue of his claim, he must share the fate of those creditors.

ROBERT J. BRENT, for Complainant.
ALEXANDER, for Defendant.