UNION INSURANCE COMPANY *vs.* HENRY H. GRANT *et als.*,
administrators of William McGilvery.

Penobscot.    Decided May 31, 1878.

*Insurance.    Promissory notes.    Payment.*

As a general rule, the premium note of an insurance broker, received by the insurers in payment of a policy for his principal, discharges the principal from liability to the insurers on account of the premium.

But if the policy contain a provision that, in case of loss, the amount of the premium note shall be deducted from the insurance, the insured must submit to the deduction, although he has before paid the amount of the premium to the broker.

In case of the death and insolvency of a broker, a court of equity will not compel his administrators to sequester for the benefit of the insurers any sum received by them from the insured on account of premiums, if the company hold the broker's note therefor.

BILL IN EQUITY.

*F. A. Wilson & C. F. Woodard*, for the plaintiffs.

*J. Williamson*, for the defendants.

VIRGIN, J.    For several years prior to March 9, 1876, one McGilvery effected numerous policies of insurance upon hulls, cargoes and freights in his own name, for whom it might concern, loss payable to himself.    Some of the policies were effected upon his own property, but many of them upon that of others.    But for whosesoever benefit they were insured, he gave to the plaintiffs his individual promissory note for each respective premium ; and, on delivery of the policies to his principal, he sometimes received the premiums in cash, and charged others to the assured on his private account.

At the above mentioned date, McGilvery died, leaving unpaid his premium notes to an amount exceeding $9,000, and having due to him on account from his principals a large sum, as premiums on unexpired policies, some of which has since his death been paid to the defendants—administrators on his estate.

The plaintiffs claim that, in equity and good conscience, they are entitled from the assured to such of the premiums on unexpired policies as had not been paid to McGilvery at the time of his

decease; that the names of his principals are unknown to them, and the policies give no clue thereto; and that the defendants decline to give them any information in the premises. Wherefore they pray for a discovery of what was due to McGilvery, at the time of his decease, on outstanding policies, together with the names of the parties, classes, etc. ; how much has since been paid, and that these sums may not be commingled with the general property of the estate; and for an injunction of sequestration, etc.

The policies issued by the plaintiffs contain the clause generally found in American policies—that in case of loss, such loss shall be paid in sixty days after proof of adjustment thereof, " the amount of the premium note, without discount, if unpaid, and all sums due to the company from the insured, when such loss becomes due, being first deducted," etc.

This clause compels the assured to submit to the deduction of the premium note at all events, if unpaid, by whomsoever it may have been given. *Hurlbert* v. *Pacif. Ins. Co.* 2 Sumn. 471, 478. This provision was inserted for the benefit of the insurer, and obviously to meet the hazard of the dishonesty or insolvency of the broker, by entitling the underwriter to deduct the premium, whether the action on the policy be brought in the name of the principal or of the agent. While this protects the insurer, it subjects the assured to the hazard of a double payment of the premium, which he can avoid by proper care and diligence in selecting honest and solvent persons for agents.

But this provision of the policy is applicable only in cases of loss. And there being no analogous clause for the protection of the underwriter, in the absence of loss, against the insolvency of the broker, whose individual notes have been received for premiums on policies issued for the benefit of others, their only reliance is that derived from the principles of the common law.

It is well settled in this country that the acknowledgment clause, whereby, as in these policies, the insurers " confess themselves paid the consideration due unto them, for the insurance, by the insured," is not conclusive evidence of the payment of the premium ; but it has simply the same force and effect as the analogous clause in deeds of conveyance ; which is *prima facie* evi-

dence only of payment, and estops the grantor from alleging that the deed was executed without consideration; while, for every other purpose, it may be explained, varied or contradicted by parol evidence. *Goodspeed* v. *Fuller*, 46 Maine, 141. *Bassett* v. *Bassett*, 55 Maine, 127. 1 Phill. Ins. (5th Ed.) § 515, and notes.

Morever, the general rule of law in England would seem to be that the broker is the debtor of the underwriter for premiums, and the underwriter the debtor of the assured as to losses. 1 Arnould Ins. § 61. 2 Duer Ins. 297, 298. We do not understand, however, that what practically in very many instances comes to the same result has ripened into an established rule here. Though some of the authorities hold that the practice has become so nearly universal, for the person who effects an insurance to give a promissory note for the premium, or, if a note is not given, to hold himself and to be considered as the debtor to the underwriter for the amount, that, by the common understanding and usage, the remedy of the underwriter is confined to the party liable on the note, or to whom the credit is given. 1 Arnould Ins. 113, Perkin's note. While it is said that, in such cases, the assured is discharged from liability to the underwriter only when the person giving the note is known to the writer to be only an agent at the time the insurance is effected. 2 Duer Ins. 301, note *a*. 1 Pars. Mar. Ins. 503, 504, notes. This is founded upon the principle in agency, that when a party is informed that the person with whom he is dealing is merely the agent of another, and prefers to deal with the agent personally on his own credit, he will not be allowed afterwards to charge the principal. *Patapsco Ins. Co.* v. *Smith*, 6 Har. & J. 166. *Ford* v. *Williams*, 21 How. 287. *Chandler* v. *Coe*, 54 N. H. 561.

But, without expressing any opinion upon this point, we think the bill must be dismissed for another reason. The bill alleges that, " when policies were forwarded to said McGilvery the plaintiffs charged the premiums to him, and afterwards invariably procured from him a note for each premium by itself." We of course understand that the " note " mentioned means McGilvery's negotiable promissory note—commercial paper. And it is well

sett led in this state and Massachusetts, that a negotiable promissory note taken for an account is *prima facie* payment thereof. *M illiken* v. *Whitehouse,* 49 Maine, 527. *French* v. *Price,* 24 Pick. 13. · The plaintiffs accepted these notes knowing all the facts. That is to say, though they did not know the names of the persons for whose benefit their policies were issued, the very form of the policies implied agency on the part of McGilvery. If the plaintiffs would have had it otherwise, they should not have taken the notes in payment, or should have inserted a clause in their policies for their protection, in relation to the payment of premiums generally, as they have in cases of loss.

The bill does not present a case involving a consideration of the continuation clause.

> *Demurrer sustained. Bill*
> *dismissed with costs.*

APPLETON, C. J., DICKERSON, DANFORTH and LIBBEY, JJ., concurred.