## COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed January 9, 1899.

HENRY M. MURRAY
VS.
E. JOHN W. REVELL.

*John P. Poe* for motion.
*Frederick C. Cook* against motion.

HARLAN, J.—

This suit was brought under the Practice Act for Baltimore City.

Judgment was entered by default, because the pleas were not certified by affidavit, and the defendant has moved to have this judgment stricken out. Of the various reasons assigned in support of the motion, the first is that the judgment was improperly rendered.

The proceeding being a special statutory one, if the plaintiff has failed to strictly comply with the provisions of the Act, he was not entitled to have the judgment entered, and the motion to strike out should prevail.

DeAtly vs. Senior, 55 Md. 482.

Section 313 of Art. IV, of the Code of Public Local Laws, as re-enacted by Ch. 123 of the Acts of 1898, declares that "The plaintiff shall not be entitled to judgment under the preceding section, unless he shall file with his declaration an affidavit * * * stating the true amount the defendant is indebted to him, * * * and shall also file the bond, bill of exchange, promissory note, or other writing or account by which the defendant is so indebted, or if the action be founded upon a verbal or implied contract, shall state the particulars of the defendant's indebtedness thereunder."

The declaration in this case contains the six common money counts and the following special count:

"And for money due by the defendant to the plaintiff for the conveyance of the leasehold interest in a certain lot of ground and premises in Baltimore City, situated on the north side of Lanvale street and east of Guilford avenue, and known as No. 310 East Lanvale street, subject to an annual rent of one hundred and fifty dollars, to the defendant by the plaintiff."

To the declaration is annexed a paper in the following form:

BALTIMORE, Sept. 16, 1898.

E. John W. Revell,                 Dr.
    To      Henry M. Murray,

To consideration money or purchase of property No. 310 East Lanvale street, Baltimore City................$1,000.00
To interest thereon from January 25th, 1897, to date, 1 year, 7 months and 22 days.     98.66
                                          ─────────
                                          $1,098.66

To interest on $1,000.00 from date to

The affidavit is that Henry M. Murray formally appeared "and made oath on the Holy Evangely of Almighty God that there is justly due and owing by E. John W. Revell, the defendant in said case, to the plaintiff, on the annexed account (the cause of action in said cause), the sum of $1,098.69 (with interest on $1,000 from date) over and above all discounts, to the best of his knowledge and belief."

The defendant has insisted that the deed of conveyance referred to in the special count should have been filed as the cause of action, and in answer thereto the plaintiff contends that the suit was not brought upon any contract, covenant or agreement contained in the deed, but "upon an implied contract on the part of the defendant to pay the plaintiff the purchase price of the property," and that "the plaintiff did file a statement of the particulars of the defendant's indebtedness under an implied contract on the part of the defendant to pay the plaintiff the purchase price of property No. 310 E. Lanvale street."

The account filed has therefore not only manifestly but admittedly no relevancy to any of the counts of the declaration, except the special count, and if this count were omitted from the declaration, I suppose it would be clear that no sufficient statement of the particulars of the defendant's indebtedness would have been furnished as required by the Act, for "if the action is founded on a verbal or implied contract" it is "a statement of the particulars of the defendant's indebtedness *thereunder*," that is to be filed.

And the particulars here stated to show an indebtedness are plainly not under any of the contracts on which the common counts are framed.

The plaintiff maintains, however, that the vendor of land may recover the purchase money of land sold and delivered by him to the vendee in *indebitatus assumpsit*, just as he may in the case of goods, wares and merchandise, sold and delivered. This was decided in this State as early as the case of Wolfe vs. Hauver, 1 Gill 84, and was affirmed in Morgan vs. Bitzenberger, 3 Gill 354, Archer, J., said, "The conveyance of the land and the delivery of possession in pursuance of the deed, or in other words, the execution of the contract on the part of the plaintiff, raises a duty on the part of the vendee to pay the consideration money, which will sustain the count."

But when we come to examine the special count, we do not find that it contains any statement of facts from which a contract to pay money could be implied. It alleges that the plaintiff sues "for money due by the defendant to the plaintiff" but a debt can only arise from some contract express or implied and the only fact here stated to show how or why money became due is "for the conveyance of a certain lot (which is described) to the defendant by the plaintiff." The conveyance of land alone can raise no implied promise to pay its value. The simple conveyance is as consistent with a gift as with a sale. It is not alleged that the conveyance was in pursuance of any bargain and sale, or that there had been in the language of Judge Archer, "a delivery of possession in pursuance of the deed * * * in execution of a contract on the part of the plaintiff," raising a duty on the part of the vendee to pay the consideration.

Indeed the count is totally defective and bad in law. It states no express contract to pay money, nor any facts from which a contract to do so could be implied. Nor does the account filed with the narr. supply the particulars in which the count is deficient. Even if the existence of a contract could be implied from the use of the words "purchase price," the essential particular necessary to raise an implied indebtedness on the part of the defendant, viz.: delivery of possession of the land purchased in pursuance of the contract, is absent. I am not to be understood as deciding that this account might not be a sufficient compliance with the Statute if connected with a good and sufficient statement of a cause of action in the narr., but in this case facts giving rise to an indebtedness are not shown in the special count, the only one to which the account is referable, or in the account annexed to the declaration.

I am accordingly of opinion that the Act has not been complied with, and that the judgment by default should, for this reason, be stricken out, and without passing on any of the other grounds alleged in support of the motion to strike out, it will be so ordered.