## NAMES v. NAMES.

1. **Appeal**: NOT SHOWN BY ABSTRACT. Where the abstract does not state or show that an appeal was taken, this court cannot entertain the case, except to dismiss it.

2. ———: EQUITY CASE: EVIDENCE WANTING. A cause triable *de novo* in this court cannot be considered where it is not averred or shown that the abstract contains all the evidence.

*Appeal from Webster District Court.*—HON. S. M. WEAVER, Judge.

FILED, MARCH 12, 1888.

ACTION for a divorce. Defendant, in a cross-petition, also asked for a divorce. Both petition and cross-petition were dismissed by the district court, and both parties appealed. The decree dismissing the plaintiff's petition was reversed, and the cause remanded for a decree granting plaintiff a divorce. See 67 Iowa, 381. When the case again reached the district court, it appears that there was a trial to determine to which of the parties should be awarded the custody of an only child, a daughter. A decree was entered granting it to defendant. The case is again brought here by plaintiff.

*J. F. Duncombe*, for appellant.

No appearance for appellee.

BECK, J.—The case is not in a condition to be considered by this court, for two reasons : (1) The abstract before us, upon which the case is submitted, does not show that an appeal was taken. We cannot presume that the case has been appealed, and the failure to present evidence of the taking of the appeal, or an allegation thereof in the abstract, is not waived by the appearance of defendant. (2) The abstract before us fails to state that it contains all the evidence. All there is on the subject is a statement that the evidence was certified by the reporter and judge before whom the case was tried, but it is not averred or shown that the abstract contains all the evidence so certified. The case, if it may be determined here at all, is for trial *de novo.*

In view of these facts, and the non-appearance of defendant, accounted for, doubtless, by the fact that the abstract presents no case of which we can take cognizance, we can do nothing but order the case to be

DISMISSED.