McGillivary Brothers, Appellants, v. A. G. Case.

**Mechanic's Liens:** Claim: *Affidavits.* Under the statute requiring the claimant of a mechanic's lien to file a verified statement of account, an affidavit to such statement, purporting to be by one member of the firm claiming a lien, but signed in the firm name, and sworn to before a member of the firm. is insufficient, and hence the statement did not impart notice of the claim of lien.

Incumbrancers. The maker of a note held by a bank then in liquidation obtained its surrender by reason of the fact that the president of the bank paid the note either in cash or by a charge to his account which had sufficient to its credit.   The maker of the surrendered note gave the president new notes payable on demand and secured them by mortgage.   *Held.*

   a.   The president acted for himself and not as trustee for the bank.

   b.   While by reason of the taking of demand notes, there was no extension of time, yet the new notes did not secure or evidence an antecedent debt, and they rested on sufficient consideration to bring their holder within the rights of incumbrancers for valuable consideration under the mechanics's lien law.

Correction of Affidavits. Code, section 357, providing that no defective affidavit shall prejudice the party making it if it be rectified within a reasonable time, so as not to cause essential

107   17
107   659

107   17
f108 160

107   17
f110 620

107   17
111   587

107   17
f112   32
112   670
112   672
107   17
f113 536

107   17
114   559
107   17
120   420
107   17
131   303
107   17
f132   377

107   17
135   111

injury will not permit amendment of a defective affidavit for a mechanic's lien as against a subsequent *bona fide* mortgagee.

**Appeal: ABSTRACT.** Under Code, section 4118, providing that printed abstracts of record shall be filed in accordance with the rules of the supreme court, and shall be assumed to contain the record, unless denied or corrected by subsequent abstracts, and that every denial shall point out as specifically as the case will permit the defects alleged, an abstract will be presumed to present a record appropriate to a hearing *de novo*, unless defects be pointed out by denial or additional abstract, though the abstract does not certify that it is full and correct, or that it contains all the evidence introduced or offered. It will not suffice to make the attack by argument.

*Appeal from Mitchell District Court.*—HON. JOHN C. SHERWIN, Judge.

FRIDAY, DECEMBER 16, 1898.

JUDGMENT for three hundred and fourteen dollars and seventy-seven cents and decree foreclosing mechanic's lien were entered against defendant Banwell for materials used in the construction of a creamery building. Issue was joined on the answer of the defendant Case, and, on hearing, his mortgage declared senior to the mechanic's lien of plaintiff. The latter appeals.—*Affirmed.*

*Sweney & Lovejoy* for appellant.

*Ellis & Ellis* for appellee.

LADD, J.—I. The abstract of the appellant does not contain any statement to the effect that it is a full and correct abstract of the record, or that it contains all the evidence introduced or offered,—that received as well as that rejected. This point is not made by appellee in an additional abstract, or by denial, but is suggested in argument, and he insists that much of the evidence is omitted, and, because of there being no certificate, the case cannot be heard *de novo*. That such a statement or certificate was essential prior to the time the Code went into effect,—October 1, 1897,—in order to have

the sufficiency 'of the evidence to sustain a verdict or judg-
ment reviewed or an equity case heard on its merits, appears
from *State v. Wright,* 98 Iowa, 702; *In re Holderbaum,* 82
Iowa, 69; *Names v. Names,* 74 Iowa, 213; and *Conwell v.
House,* 57 Iowa, 754. Good faith on the part of him who
prepares an abstract requires the statement that it includes
the entire record. To hold otherwise might lead to much
looseness in preparing such papers. The rule is not too
stringent for general application, though without it counsel
might well be expected to so prepare their abstracts that the
court could correctly determine all the questions raised in
argument. It was doubtless in recognition of this, and to
obviate rulings because of defects not urged, which might be
readily cured by appropriate amendment, that section 4118
of the Code was enacted. That section, so far as material,
is as follows: "Printed abstracts of the record shall be filed
in accordance with rules established by the supreme court,
and shall be assumed to contain the record, unless denied or
corrected by subsequent abstracts." Section 22 of the rules,
governing the practice in the supreme court, is in part:
"The abstract so filed will be presumed to contain the record
unless denied or corrected by a subsequent abstract. Every
denial shall point out as specifically as the case will permit
the defects alleged to exist in the abstract." The very
evident meaning of the statute as well as the rule is that
the abstract, in the absence of any denial, or correction, or
statement therein to the contrary, is presumed to contain the
record with sufficient completeness to enable the court to
pass upon every question raised. If a defect exists in the
way of an omission, or if extraneous matter is included, or
if the abstract is untrue in any respect, or if not properly
certified to be full and complete, this must be brought out by
specific denial, or corrected by an additional abstract; else
it will be deemed to have been waived, and the abstract con-
ceded to be true and sufficient to enable the court to correctly
determine every question made in argument. A denial made
in argument will be disregarded. *McFarland v. City of*

*Muscatine,* 98 Iowa, 199; *Kunz v. Young,* 97 Iowa, 597; *Agency v. Bush,* 84 Iowa, 272; *Van Winkle v. Fence Co.,* 56 Iowa, 245; *Farmer v. Sasseen,* 63 Iowa, 110; *Rankin v. Miller,* 43 Iowa, 11. As the defect in the abstract is not pointed out by denial or additional abstract, it will be disregarded, and the abstract assumed to present a record appropriate for hearing *de novo.*

II. The last item of material was furnished Banwell by plaintiff for the construction of his creamery on the seventh day of August, 1893, and on the sixteenth day of September a mechanic's lien was filed. In the affidavit attached thereto A. C. McGillivary is named as affiant, but it is signed "McGillivary Bros.," and purports to be sworn to before S. F. McGillivary, a justice of the peace, and member of the firm. This action was begun January 20, 1894, and, upon discovering the defect in the affidavit, an amendment to the petition was filed March 23, 1894, alleging the correction of the verification to the mechanic's lien on the thirteenth of the same month by A. C. McGillivary signing the affidavit. On the other hand, Banwell, who was owing the First National Bank of Nashua, Iowa, several notes, amounting in the aggregate to eight hundred and fifty-two dollars, for the purpose of satisfying these executed to A. G. Case his note for that sum on the eighth day of November, 1893, and, on the same day, a chattel mortgage on the creamery building and personal property therein, securing its payment. The bank at that time had gone into liquidation, and Case, who had been its president, either advanced the money to pay the notes to the bank, or it was charged to him on its books, and the notes delivered to Banwell. On the twenty-fifth day of December, the same year, Banwell assigned to Case all his interest in the creamery on condition that the latter dispose of the property at private sale, pay himself out of the proceeds, and, after satisfying the other lienholders, turn over the balance to him. Case thereupon took possession, in which he has since continued.

III. The statute in express terms requires those who will avail themselves of the provisions of the chapter relating to mechanics' liens to file with the clerk of the district court "a verified statement or account of the demand due him after allowing all credits, setting forth the time when such material was furnished or labor performed, and when completed," etc. The statement of the plaintiff filed September 16, 1893, was not verified. It purported to be that of A. C. McGillivary, but was not signed by him.

Signature to an affidavit is essential. *Crenshaw v. Taylor,* 70 Iowa, 386; *Lynn v. Morse,* 76 Iowa, 665. A partnership or corporation cannot take an oath. See *Norman v. Horn,* 36 Mo. App. 419; *Bennett v. Gray,* 82 Ga. 592 (9 S. E. Rep. 469.) · We have recognized an affidavit as essential to the validity of a mechanic's lien. *Hug. v. Hintrager,* 80 Iowa, 361; *Lamb v. Hanneman,* 40 Iowa, 41; *Wetmore v. Marsh,* 81 Iowa, 681. The statute must be complied with in order to obtain its benefit; and the statement filed with the clerk, not being verified, did not impart notice of the plaintiff's claim. Nor did Case have any actual notice of plaintiff's account or claim until long after the note and mortgage of Banwell were executed, and he had obtained the bill of sale and possession.

IV. The plaintiff is entitled to relief against Case if the right of the latter accrued within ninety days after the last item was furnished, or if it accrued thereafter, and his mortgage was not taken in good faith and for a valuable consideration. See Code, section 3092. As we have seen, Case was neither charged with actual or constructive notice of the plaintiff's claim, and his mortgage was executed after the expiration of that time. The record establishes the good faith of the transaction, and the only remaining question is whether the consideration for the mortgage was valuable. Was it given to secure an antecedent indebtedness? As the note to Case was payable on demand, there was no extension of the time of payment. The bank

surrendered all its notes when that to Case was taken. It had gone into liquidation. True, Case was its president, and a large stockholder. But he had money with it to his credit more than sufficient to pay Banwell's notes. Under these circumstances it was quite immaterial whether, in satisfying Banwell's indebtedness to the bank, he paid the cash, or the amount was simply charged to him on the books of the bank. In either event, as it does not appear he acted as trustee for the bank, but for himself, in what he did, the consideration was new, and the mortgage was not received for the bank.

V. The appellant urges that section 357 of the Code is applicable to this case. It is, in substance, that no defective affidavit in any case shall prejudice the party making it, providing it be rectified within a reasonable time after the defect is discovered, so as not to cause essential injury to the other party. We need not inquire whether this should be construed solely with reference to the provisions of the chapter in which it is contained. The last clause precludes its application to this case, as to permit an amendment here would occasion essential injury to the appellee. The decree is right, and must be AFFIRMED.