BASTIAN VAN REES, Appellee, v. MARTIN A. WITZENBURG, Appellant.

**Equity Jurisdiction:** SETTING ASIDE SETTLEMENT: *Fraud or guardian.* It is proper to sue in equity to set aside an alleged settlement made by a guardian and his ward, on the ground of misrepresentation and fraud.

EVIDENCE TO SET ASIDE, A settlement made by a guardian with his ward out of court, will be set aside for misrepresentation and fraud, when the guardian kept the ward in ignorance of his rights by not disclosing everything, and the ward did not know he was making a full and final settlement.

**Consolidation :** SETTING ASIDE SETTLEMENT IN EQUITY: *Objection to guardian's report.* Where a suit is brought in equity by a ward to set aside a settlement with his guardian, and another ward files objections to the guardian's report, such matters may properly be consolidated on agreement of the parties that they may be tried together.

COSTS ON CONSOLIDATION. Where a suit in equity by a ward to set aside an alleged settlement made with his guardian is consolidated with another ward's objection in probate to a guardian's report, costs made on the trial of such objection will not be taxed against the ward, in equity, where such ward did not join in the objection, and was not a party thereto, save as the consolidation order made him a party.

**Appeal:** ABSTRACTS: *Trial de novo.* Evidence supporting objections filed in probate against a guardian's report by a ward and not relating to the issue involved in an equitable suit to set aside a settlement, brought by another ward, need not be included in the abstract for the purpose of a trial *de novo.*

*Appeal from Marion District Court.*—HON. JAMES D. GAMBLE, Judge.

FRIDAY, OCTOBER 5, 1900.

SUIT in equity to compel defendant, who was the guardian of plaintiff and of plaintiff's assignor, Lencke Van Rees, to account. Lena Van Rees, another of the wards, had filed objections in probate to the guardian's reports. The case made by these objections was consolidated with the accounting suit, and the whole tried to the court, resulting in a judgment and decree for plaintiff in the sum of $194.50 and costs. Defendant appeals.—*Affirmed.*

*P. H. Bousquet* and *Ira M. Earle* for appellant.

*C. F. Hendershott* and *Crozier & McCormack* for appellee.

DEEMER, J.—The issue tendered by the objections filed to the reports of the guardian is not presented on this appeal, and the case will be considered only in so far as it relates to the equitable issues presented by plaintiff's petition and the answer thereto. Defendant pleaded a settlement with plaintiff and his assignor, made after

the wards arrived at age; that this settlement was made in the presence of plaintiff's mother and step-father and was fair and equitable. He also pleaded that he invested a small amount of their funds with the firm of E. R. Cassatt & Co., a reputable and solvent institution; that at the time of the settlement the said firm had become insolvent, and it was agreed between two of the wards and defendant that the firm notes should be taken by plaintiff and his assignor at a large discount, provided they could get the remainder of their funds and obligations against others at once, and that the guardian should charge nothing beyond what he had already received as compensation for his services. The settlement is attacked by plaintiff for fraud. Some other issues are presented that need not be noticed.

Before going to the merits, it is well to note some points of practice made by the appellee. The case was tried as in equity, and is before us *de novo*. Appellee says that the abstract does not purport to contain all the evidence adduced on the trial, and affirmatively shows that it does not contain all of it. With reference to the first contention, it is expressly held in *McGillivray v. Case,* 107 Iowa, 17, that printed abstracts will be presumed to contain the record, unless denied or corrected by a subsequent abstract. Appellee has filed an amended abstract containing some denials that are not as specific as our rules require, and these denials will be disregarded, under the rule announced in the *McGillivray Case, supra.* Moreover, appellant has filed an amended abstract in which he states that the original contains all the evidence offered and introduced upon the trial between plaintiff and defendant. He admits that the evidence adduced in support of the objections filed by Lena Van Rees is not included, but, as these objections tendered an issue in no manner related to the issue involved in the equitable suit, there was no necessity for including that evidence for the purpose of a trial *de novo*.

Defendant moved to transfer the cause to the probate docket trial. His motion was overruled, and of this complaint is made. The action is in equity, to set aside the alleged settlement, and for an accounting by the guardian, and was properly brought in equity. The motion was properly overruled. Thereafter, on its own motion, the court ordered the case consolidated with the objections filed in probate. To that order defendant excepted, but afterwards agreed that the two matters might be tried together. In view of this agreement, there was no error in ordering the consolidation.

The settlement made out of court between defendant and his wards was, as we have seen, attacked by the plaintiff, who claimed that it was obtained through fraud and misrepresentation. The fraud alleged is that defendant, with knowledge of the worthless character of the Cassatt notes, represented that they belonged to plaintiff and his assignor, and all they could get, and insisted that they should take them in settlement of the balance due, and that he was not liable for the money represented thereby; that defendant is a relative of plaintiff, and that plaintiff and his assignor relied upon him for business counsel and advice, and were induced by his representations to accept the notes in part payment of the amount due them. As defendant had no authority from the probate court to invest the money of his wards in notes or securities of any kind, he was responsible to his wards for any loss that occurred by reason of such investments. At common law he might have been protected had he exercised reasonable care and judgment in the investment of funds belonging to his wards, but under our statute he is not, unless he acts under the direction of the court. *Easton v. Somerville*, 111 Iowa, 164. When defendant made his settlement out of court, he knew that he was liable for the amount of the Cassatt notes; but he refused to settle unless plaintiff and his assignor would accept the notes as part payment of the

amount due, and informed his wards, they being ignorant of
the fact that they were entitled to the full amount, that un-
less they accepted they would have to resort to legal proceed-
ings.  Settlements by a guardian with his ward out of court
are not favored, and one who relies on such a settlement must
clearly show that he made full disclosure of everything, and
that the ward knew and understood that he was making a
full and final settlement.  Settlements between guardian and
ward may be impeached for fraud or mistake, like any other
settlements, but, as the guardian occupies a fiduciary rela-
tion to his ward, he must show that it was full and fair and
in good faith.  Every reasonable intendment is to be made
in favor of the ward.  *Richardson v. Linney,* 7 B. Mon. 571;
*Stark v. Gamble,* 43 N. H. 465; *Voltz v. Voltz,* 75 Ala. 555;
*Spalding v. Brent,* 3 Md. Ch. 411; *Tucke v. Buchholz,* 43
Iowa, 415.  Tested by these cases, we think the settlement
made by defendant with his wards should be set aside.  With
this out of the way, the correctness of the finding of the
trial court as to the amount due the plaintiff is conceded.

II.  The objections filed by Lena Van Rees were to
various items found in defendants reports relating to the
renting of the real estate.  The issue raised by them was
entirely different from the issue tendered by the petition in
equity.  Just what was done with these objections does not
appear from the record before us, although some of the mo-
tions filed seem to indicate that the objections were over-
ruled.

All the costs of the proceedings, including those made
on the hearing of the objections, were taxed to defendant.
Thereafter defendant filed a motion to retax all costs, made
on the hearing of the objections to his reports, to
plaintiff.  This motion was overruled, the court using
the following language: "This matter now comes on
for further hearing, on the defendant's motion to retax cer-
tain costs herein, and the court, being advised, overrules said
motion and refuses to retax the same, for the reason that

the matter of costs was taken fully into account and consideration in determining the liability of the defendant for the rent of land in his final settlement with his wards, and concluding that, upon payment of the costs by the defendant, it would about offset the matter of rent, the defendant thereby not being charged with any rent; to all of which the defendant excepts." While the reason given by the court for denying the motion may not have been good, yet if there is any good basis on which the ruling may stand, it will not be disturbed. Plaintiff was in no manner interested in the objections filed by Lena Van Rees. He did not join therein, and was not a party thereto, save as the consolidation order made him a party, and there is no reason for taxing the costs made on these objections to him. The items referred to in the motion he was in no manner responsible for, and he should not be ordered to pay the same. The orders and judgment of the district court are correct, and they are AFFIRMED.

GRANGER, C. J., not sitting.