BABCOCK et al. v. DE MOTT et al.*

(Circuit Court of Appeals, Eighth Circuit. March 10, 1908.)

No. 2,609.

1. PRINCIPAL AND AGENT—EXECUTION OF AGENCY—FRAUD OF AGENT.
    An agent for the sale of real estate, who receives a price in excess of that reported and accounted for to his principal, is liable to such principal for the difference.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, §§ 130–133.]

2. APPEAL AND ERROR—REVIEW—ISSUES OF FACT.
    The decision of a chancellor on an issue of fact is presumptively correct, and will not be disturbed by an appellate court except for a clear and palpable mistake.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3970–3978.]

3. EQUITY—REFERENCE WITHOUT CONSENT.
    The reference of a case to a master, without the consent of parties, to make findings of fact, is not error where such findings are treated as advisory only, and the ultimate findings are made by the court.

4. ABATEMENT AND REVIVAL—ANOTHER ACTION PENDING—IDENTITY OF PARTIES.
    It is not ground for abatement of a suit in a federal court that a suit between the defendants, involving some of the same issues, is pending in a state court, where the complainants are not parties to such suit, and the court therein has not assumed custody of property.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, §§ 73–91.
    Pendency of action in state or federal court as ground for abatement of action in the other, see notes to Bunker Hill & Sullivan Mining & Concentrating Co. v. Shoshone Min. Co., 47 C. C. A. 205; Barnsdall v. Waltemeyer, 73 C. C. A. 521.]

Appeal from the Circuit Court of the United States for the District of Kansas.

Milton Brown, for appellants.

A. B. Jetmore and Gardenhire & Jetmore, for appellees.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

*Rehearing denied April 17, 1908.

ADAMS, Circuit Judge. This was a bill in equity brought by Anna M. De Mott, Mary E. Justin, and Julia G. Brooks, citizens of New York and New Jersey, against W. P. Taylor and J. E. Taylor, composing the firm of real estate agents known as W. P. Taylor & Son, Ralph L. Maxson, Lewis A. Withers, Henry Schlichting, George E. Babcock, and William Franke, citizens of Kansas and Iowa, for an accounting and other equitable relief. The Circuit Court rendered a decree in favor of the complainants, from which defendants Taylor, Babcock, and Franke alone appeal.

The great features of this case are so prominent and controlling that little consideration is due to the numerous smaller matters to which our attention seems to be seriously directed. The facts found by the trial judge which are abundantly supported by the proof are substantially as follows: In 1901 the complainants, who owned a section of land in Woodson county, Kan., employed Taylor & Son as their agents to sell it for them on an agreed commission for such service. The asking price was fixed at $9,000, but the agents afterwards induced their principals to accept $6,000 for the land. Before doing so, they had secured an offer from defendant Babcock of $8,500, provided they could arrange to procure and carry for him a loan of $6,500, to be secured by a mortgage on the land. In other words, Babcock offered to pay $2,000 in cash for the land incumbered by mortgage or mortgages securing loans to the extent of $6,500. The agents had some misunderstanding with Babcock which will be considered later; but for the present we will assume the foregoing facts to be true.

How to make the sale for $8,500, appropriate $2,500 to their own use, and account to complainants for $6,000, and do these things without exposure, seems to have been the problem confronting the agents. They proceeded in this way: They got complainants to execute a deed to one of their relatives, the defendant Maxson, in which the consideration was stated to be $6,000. This deed was forwarded to the agents for delivery on receipt by them of the consideration mentioned. After they received the deed, the consideration was changed to read $12,000, and, as so changed, the deed was delivered to Maxson and recorded in the office of the register of deeds for Woodson county. The agents procured a loan from an insurance company secured by a first mortgage on the land, executed by Maxson, for $4,500, persuaded Babcock to temporarily advance $2,000 on his purchase, forwarded $6,000 less deduction for their agreed commission to the complainants and pocketed $500 on this initial transaction. They then got Maxson, the owner of record, to execute a second mortgage on the land to secure a promissory note of $2,000 made by him payable to defendant Withers. Withers had no interest in the matter and acted exclusively for the benefit of the agents. He indorsed this note and delivered it to them, who claim to·have subsequently pledged it to defendant Schlichting to secure the payment of some antecedent debt. With these two incumbrances aggregating $6,500 resting on the land, the agents caused Maxson to convey it to Babcock in execution of the original agreement to sell.

Babcock subsequently conveyed the same to defendant Franke subject to the same incumbrances. The result of the maneuver was that Babcock and his grantee got title to the land incumbered by mortgages securing notes amounting to $6,500. The complainants got $6,000, and their agents got $500 in money and the note of $2,000.

Defendant Babcock and his grantee set up a special defense to the effect that Taylor & Son had cheated and defrauded Babcock by agreeing to cause the land in question to be conveyed to him upon his paying $2,000 in cash and assuming the payment of a prior mortgage debt of $5,000 only. It is claimed that after Babcock had advanced the $2,000 to the agents, they caused the property to be conveyed to him subject to prior mortgages of $6,500, instead of $5,000, as agreed; that he inadvertently accepted a deed to that effect; that he was thereby defrauded out of $1,500; and that that amount, at least, should be credited upon the $2,000 note before a lien should be decreed against the land for its payment.

On the foregoing facts the Circuit Court entered a decree divesting Schlichting, Taylor & Son, and all other defendants of title to the note of $2,000, vesting the same in complainants, establishing a lien for the payment thereof against the land in question, and rendered a personal judgment in favor of the complainants against W. P. and J. E. Taylor for $500 and interest. The court further decreed that, unless the note of $2,000 be paid within a time fixed, the land should be sold subject to the lien of the first mortgage, for the purpose of raising a fund to pay the note.

The facts of this case clearly warranted the decree so far as the Taylors are concerned. They, while acting for and in the name of their principals, secured not only the $6,000 for which they accounted, but also $2,500 more for which they did not account. No justification is attempted to be made or can be made of their conduct. They were perfidious and false to their principals, took advantage of their confidential relation to secure personal benefits, and must, on most familiar principles of equity, be held responsible for all they personally acquired by their perfidy. 1 Perry on Trusts, § 206; Bent v. Priest, 86 Mo. 475. No principle of equity is better settled than this, and none should command a more vigorous or effective enforcement at the hands of this or any other court.

As no appeal is taken by Schlichting or any other claimant of the note in question, all that remains for our consideration is the special defense set up by Babcock and his grantee. Babcock contends and testifies that his contract with the Taylors was to pay $2,000 in cash for the land subject to incumbrances securing the payment of $5,000 only instead of $6,500 as it turned out to be when the deed was delivered to him. In other words, he contends that his agreement was to pay $7,000 for the land, instead of $8,500, and that he was overreached by leaving it in the power of the Taylors to fix the amount of incumbrances after they had received the cash payment of $2,000 and before the deed was finally executed. If this contention is correct, the land should not be charged with a lien of $2,000, but with a lien of $500 only, and complainants' recovery

should be reduced accordingly. If, on the other hand, Babcock agreed to pay $8,500, $2,000 in cash and $6,500 in assumption of prior mortgage debts, as found by the trial court, the decree below is right and should not be disturbed. This presents a single issue of fact for determination. We have examined the proof on this issue with much care, with the result that we are satisfied with the conclusion reached below. Under well-recognized practice the conclusion of the chancellor on an issue of fact is presumptively correct and ought not to be disturbed except for a clear and palpable mistake. No such mistake appears in this case.

The trial court, without consent of the parties, referred the case to a special master to read and examine the evidence as taken and report the facts to the court. There was no reversible error in this, because there was no abdication of the judicial function by the trial judge. Mastin v. Noble (C. C. A.) 157 Fed. 506. His opinion affirmatively shows that he found the facts as a result of a personal consideration of the proof filed in the case.

The fact that Babcock had commenced a suit in the state court of Kansas to secure a reformation of his deed from Maxson and a cancellation of the Withers mortgage to secure the payment of the note for $2,000, and that such suit was pending and undetermined when this suit was instituted, afforded no ground of defense or abatement of this suit, for the reason that complainants were not a party to it, and custody or dominion of specific property was not sought or taken in it. City of Mankato v. Barber Asphalt Paving Co., 73 C. C. A. 439, 142 Fed. 329, 340, and cases cited.

The numerous other assignments of error have been sufficiently considered to convince us that nothing was done or left undone in the trial below which prejudicially affected the result reached.

The decree of the Circuit Court was clearly right, and is affirmed.

NOTE.—The following is the decision of Pollock, District Judge, on exceptions to report of special master:

POLLOCK, District Judge. The material facts in this case, as gathered from the proofs, are as follows:

In May, 1901, complainants, the owners of a section of land in Woodson county, this state, placed it in the hands of defendants W. P. Taylor and son, J. E. Taylor, partners as Taylor & Son, for sale at the price of $9,000. Taylor & Son were unfaithful to the trust reposed in them by complainants and commenced scheming to make a profit to themselves by a sale of the property over and above the commission which they agreed to receive from complainants for making the sale, and in the execution of this scheme proceeded in this manner:

They opened negotiations for the sale of the land to defendant Geo. E. Babcock, a citizen of Iowa, and having learned he would pay much more than $6,000 for the land, they knowingly and falsely represented to complainants that said sum of $6,000 was all the land was worth, and all they could procure for the same, and on the strength of these false representations induced complainants to part with title to the land for the sum of $6,000, less their commission for the making of the sale. The manner in which this was carried into effect was this: They caused the deed from complainants to be executed to defendant Ralph L. Maxson, a relative who at no time had any interest in the transaction, for their benefit. The true consideration of $6,000 expressed in the conveyance from complainants to Maxson, when it left the hands of complainants, was changed by Taylor & Son, or at their instance,

to $12,000, and the purchase price of $6,000 agreed to be paid complainants was procured by Taylor & Son in this manner: Under an arrangement by which defendant Babcock was to secure the land, they induced him to advance $2,000 of the purchase money, and caused Maxson to execute a first mortgage on the land to secure the payment of a present loan of $4,500, secured from the Union Central Life Insurance Company. Also, causing Maxson to execute a second mortgage on the land to secure a promissory note made to one Lewis A. Withers for their benefit, Withers at no time having any interest in the transaction, and then causing Maxson to convey the land to Babcock in consideration of the $2,000 he had paid subject to the two mortgages made by Maxson thereon, aggregating $6,500, which mortgages, according to the terms of the conveyance, Babcock assumed and agreed to pay.

Of the $4,500 loan secured from the life insurance company, Taylor & Son put $500 in their pocket and forwarded the remaining $4,000 and the $2,000 secured from Babcock, less their commission charged complainants for making the sale, to complainants, and then procured Withers to indorse and deliver to them the note of $2,000 secured by the second mortgage on the land, and then pledged this note with defendant, Henry Schlichting, to secure the payment of a pre-existing debt owed by Taylor & Son. The conveyance made by Maxson to Babcock was caused to be recorded by Taylor & Son and then forwarded to Babcock at his post office address in the state of Iowa. When Babcock received this conveyance, not being satisfied with it, because, as he claimed, he was to have a conveyance direct from complainants and was te pay only $7,000 as the purchase price of the land, he came to Kansas, took possession of the property, commenced an action in the state court to cancel the second mortgage placed on the land by Maxson, and to cancel his contract of assumption of this mortgage in the conveyance to him.

Complainants having learned their unfaithful agents, Taylor & Son, had secured the sum of $8,500 in the sale of their land, and not the sum of $6,500 as represented by their unfaithful agents, commenced this suit for an accounting with Taylor & Son, and prayed for recovery of the sum of $500 appropriated by Taylor & Son from the purchase price, and also a decree declaring the promissory note of $2,000 and the second mortgage executed by Maxson, now held by defendant Schlichting to secure a pre-existing debt, to be their property, because received by Taylor & Son as part of the purchase price for their land, and to have said mortgage foreclosed subject to the rights of the Union Central Life Insurance Company in the land.

Babcock defends in this suit on the theory and claims that under his oral agreement with Taylor & Son he was to pay but $2,000 in cash and accept a conveyance for the land subject to a mortgage of only $5,000. Before this suit was commenced, Babcock, in recognition of his title to the property, sold and conveyed it to defendant William Franke, who now owns the land. The master found from all the proofs that Babcock agreed to pay $8,500 for the land, $2,000 in cash and accept a conveyance subject to mortgages thereon aggregating $6,500, all as expressed in the conveyance from Maxson to him, and not the sum of $7,000, as contended by Babcock. To this finding Babcock excepts, and this is the only question of merit arising for decision presented by the record.

It is clear beyond all doubt as between complainants, Taylor & Son and Taylor & Son, Maxson, and Withers, complainants are entitled to receive on this accounting all of the purchase price of their land received by their unfaithful agents, Taylor & Son. Therefore, as against these defendants, complainants are undoubtedly entitled to a decree as prayed. It is equally true that as the defendant Henry Schlichting holds the promissory note of $2,000 made by Maxson, secured by the second mortgage on the land as security for a pre-existing debt, he is not a bona fide holder thereof, and the complainants are also entitled to a decree as prayed as against him.

As between complainants and defendant Geo. E. Babcock, I am of the opinion the same conclusion must be reached. If the conveyance made to Babcock by Maxson at the instance of Taylor & Son, the unfaithful agents of complainants, was not in accordance with their prior agreement, as claimed, by Babcock, he had his remedy to refuse the conveyance tendered and to recover back the $2,000 cash theretofore paid by him as part purchase price

of the land, or, if so advised, and his contract for the purchase of the land was valid and enforceable, he could have refused the conveyance tendered by Taylor & Son as executed by Maxson and compelled specific performance of his contract. However, he did not elect either of these remedies, but, while attempting to repudiate the conveyance as made by Maxson, he has parted with the title to the property thereby conveyed to him in recognition of its validity as a conveyance. Having thus recognized the validity of the conveyance, his contract in writing, as expressed by the conveyance, must control.

From all the evidence in the record the master found the price to be paid by Babcock for the land was the sum of $2,000 and the acceptance of a conveyance of the land subject to the mortgages, aggregating $6,500, and not the sum of $7,000, as contended by Babcock. From an examination of the record I am convinced the report of the special master in this regard is correct, and therefore the exceptions to the report must be overruled, and the same confirmed.

A decree will be entered in favor of complainants against Taylor & Son for the sum of $500, and interest received by them as part purchase price of complainants' land.

A further decree in favor of complainants awarding to complainants the promissory note of $2,000, and second mortgage executed by Maxson to Lewis A. Withers, received by Taylor & Son as part purchase price of complainants' lands.

A further decree will enter foreclosing this mortgage subject to the lien of the mortgage held by the Union Central Life Insurance Company.

The decree will further provide if the amount of this promissory note of $2,000 and the costs of this litigation are not paid within 30 days from the date of the decree, a special master to be appointed by the court will, in conformity with the practice in this court, advertise and sell the real estate in satisfaction of the amount found due upon said promissory note and the costs of this litigation.

It is so ordered.