W. J. COOPER, Appellant, v. MAX HOLMES et al., Appellees;
Cooper & Son, Intervener, Appellant.

**PARTIES: New Parties—Intervention—Partnership.** A partnership
1   should be allowed to intervene at the close of the testimony in an
action by an individual to foreclose a mechanics' lien, and plead
(in strict accord with the testimony then in the record) that the
claim originally belonged to the partnership, and that the partner-
ship had authorized the plaintiff, as a member of the partnership,
to bring the foreclosure proceeding *in his individual name.*

**MECHANICS' LIENS: Proceedings to Perfect—Errors and Defects in**
2   **Statement.** The fact that the statement for a mechanics' lien and
the notice of the filing thereof are executed in the individual name
of a member of a partnership, instead of in the name of the part-
nership, will not defeat the enforcement of the claim, *when no
party to the action objects thereto.*

**PARTNERSHIP: Actions—One Partner Suing on Firm Claim.** The
3   members of a partnership may validly authorize *one* of their num-
ber to maintain an action in his individual name, to enforce a part-
nership claim.

*Appeal from Polk District Court.*—JAMES C. HUME, Judge.

DECEMBER 15, 1922.

REHEARING DENIED APRIL 6, 1923.

ACTION in equity, for foreclosure of a mechanics' lien.
Plaintiff's petition was dismissed, and plaintiff appeals.—*Re-
versed and remanded.*

*W. F. Maley* and *Thurlow T. Taft,* for appellants.

*J. E. Holmes, Sargent, Gamble & Read, John L. Gillespie,
Miller, Kelly, Shuttleworth & Seeburger, Clinton R. Dorn, Tes-
dell & Mackaman, Brockett, Strauss & Blake, Wessels & Wes-
sels, William L. Ryan,* and *C. I. Spencer,* for appellees.

FAVILLE, J.—The firm of Cooper & Son is a copartnership,
the individual members thereof being T. W. Cooper and W. J.

Cooper. On or about the 6th day of September, 1920, the said

firm entered into an oral contract with one

**1. PARTIES: new parties: intervention: partnership.**    Chappell, under which contract the said firm furnished labor and material in constructing certain work upon real estate in Polk County.

The said Chappell was the principal contractor, and the said Cooper & Son were subcontractors. Said premises were afterward sold to the appellee Holmes.

On or about September 28, 1920, W. J. Cooper, a member of said firm, filed a mechanics' lien in the office of the clerk of the district court of Polk County, Iowa, for the material and labor so furnished on said property, and on said day caused notice of the filing of said lien to be served upon the said Holmes. The account attached to said lien recites that it is the account of Robert Chappell with W. J. Cooper. The affidavit is executed by W. J. Cooper, and recites that W. J. Cooper made and entered into a verbal contract with Chappell to furnish the labor. The notice of the filing of said claim is signed by W. J. Cooper, and recites that he had filed and claimed a mechanics' lien.

On December 22, 1920, W. J. Cooper filed a petition for the foreclosure of said mechanics' lien. In said petition he recites that he made an oral agreement with Chappell to furnish said material and labor; that he did furnish the same; and that he filed a mechanics' lien therefor, and caused notice of the same to be served upon Holmes. He alleges the amount due on said claim, and prays foreclosure of same. The petition is duly verified by W. J. Cooper.

Holmes, by answer to said petition in foreclosure, filed a general denial, with certain admissions immaterial to the question involved here.

The matter was referred to a referee, before whom the evidence in the case was produced; and upon said trial, it was disclosed that the said W. J. Cooper personally did not enter into said contract or furnish said material, but that all was done by the firm of Cooper & Son. Thereupon, the referee filed his report in said matter, wherein he made a finding that the firm of Cooper & Son entered into a verbal contract with Chappell, and that there was due from Chappell to said firm the sum of

$344.44, and that W. J. Cooper filed his statement and affidavit for a mechanics' lien and brought the action to foreclose the same in his individual capacity. The referee reported, as a conclusion of law, that the petition of W. J. Cooper should be dismissed; that it appeared conclusively that he is not the real party in interest, but that he is a member of the firm of Cooper & Son; that said firm is the owner of the account; and that the petition fails to show that W. J. Cooper is entitled to establish any lien, as prayed.

Subsequently, the appellant filed objections to the report of the referee, on the twofold ground that the pleadings failed to raise the question of plaintiff's right to file the lien and prosecute the action; and secondly, that the testimony of T. W. Cooper, a member of said firm, upon the trial, was to the effect that he authorized W. J. Cooper to bring this suit and to receive payment of the account, and that satisfaction to him would be satisfaction to the firm, so far as T. W. Cooper was concerned.

While the matter was yet pending, Cooper & Son, as copartners, filed a motion for leave to intervene in said cause, and tendered a petition of intervention, setting up the fact that it was a copartnership, and as such, furnished the material and labor for which a lien was claimed; and that the lien had been filed and the action instituted, by inadvertence and mistake, in the name of W. J. Cooper, instead of in the name of the firm.

Appellant also filed a motion for leave to reopen the case, for the purpose of taking testimony in support of the petition of intervention. The court denied the said motion, and refused to permit the petition of intervention to be filed, and entered a decree dismissing appellant's petition.

I. A mechanics' lien is a creature of the statute. It exists in behalf of a subcontractor who substantially complies with the provisions of the statute. The law provides that a lien is given to "every person" who furnishes labor

2. MECHANICS' LIENS: proceedings to perfect: errors and defects in statement.

and material in the construction of a building, and who files the proper statement and serves the necessary notice. It also provides that "any person having filed a claim for lien may bring an action to foreclose the same." We have held that the statute must be substantially complied with, in order to preserve a

mechanics' lien. *McGillivary Bros. v. Case,* 107 Iowa 17; *Can-field Lbr. Co. v. Heinbaugh,* 184 Iowa 149.

It appears from the record in this case that T. W. Cooper and W. J. Cooper were father and son, and were engaged in business as copartners; that, in so far as they used a firm name, the style of the firm was Cooper & Son. No question is raised regarding the fact that these parties furnished the material and performed the labor for which a lien is claimed in this case. There was a full compliance with the requirements of the statute, both as to the allegations of the statement and the affidavit supporting the same, and also in regard to the notices. The lien and notice, as well as the action to foreclose, were all in the name of W. J. Cooper, and not in the name of the firm of Cooper & Son or of both members of said partnership. No question was raised by any pleading filed in the foreclosure proceeding in any manner questioning the sufficiency of the lien or the plaintiff's right to prosecute said action. The answer was a general denial. As stated, it developed in the examination of witnesses upon the trial, that Cooper & Son, or T. W. Cooper and W. J. Cooper, as partners, made the contract out of which the mechanics' lien arose. But no action appears to have been taken in regard to said matter by any of the defendants in said cause. No motion was made or objection interposed in any way, during the progress of the trial before the referee, by any of the defendants, raising this question. The suggestion that the lien was not properly filed, or that the action to foreclose the same could not be maintained by plaintiff, appears to have been first suggested in the report of the referee. No one appears to have discovered this alleged defect except the referee, and no claim was urged by anyone in regard thereto, until the report of the referee was filed. Thereupon, the plaintiff promptly filed objections to the report of the referee.

Generally speaking, it is undoubtedly true that an action by a partnership must be prosecuted in the firm name, and not in the name of one of the individual partners. But this general rule does not prevent the individual members of the partnership from specifically authorizing an action to be maintained by an individual partner upon a firm debt. This is, in effect, an

3. PARTNERSHIP: actions: one partner suing on firm claim.

equitable assignment to the partner, and is sufficient to authorize the prosecution of the action by such partner. Neither the debtor nor the intervening creditors of the debtor can complain, when it affirmatively appears that the debt sued.upon is the firm debt, and that all of the individual members of the firm have authorized the prosecution of the action in the name of the individual partner. Under such circumstances, the individual in whose name the suit is prosecuted is, in law, the real party in interest. In this case, no issue was ever tendered by any party, in any way challenging or questioning the right of the plaintiff to prosecute the action in his own name. The same witness who disclosed the fact that the labor and material were furnished by the firm of Cooper & Son testified that he and the plaintiff were the sole members of said firm, and that he had authorized the plaintiff to bring this suit and to receive payment of the account, and testified specifically that satisfaction of the account to the plaintiff would be full satisfaction to the firm. As before stated, the appellees at no time raised any question of plaintiff's right to file the lien or to maintain the action to foreclose the same. So far as the record discloses, no hint or suggestion of this character appears until the referee filed his report. Thereupon, the firm of Cooper & Son appeared promptly, and sought to intervene, and set up the fact that the claim sued upon was originally the claim of the firm, and that the plaintiff had been authorized by the firm to file said claim and prosecute the action in his own name. The record as then made sustained the allegations of the petition of intervention. Had said petition been filed, the court would have had before it the copartnership, as well as the individual members thereof, and a complete adjudication of the rights of all of the parties could then have been had. There is no claim anywhere that any person has been prejudiced in any way by the filing of the lien and the prosecution of this action in the name of the plaintiff, rather than in the name of the firm. Had there been no showing whatever in the record that the partnership had authorized the suit to be brought in this way, and were the record such that the partnership would not be bound by an adjudication, we would have an entirely different situation; but here the record affirmatively shows that the partnership authorized the plaintiff to

pursue this method to collect the partnership debt. As bearing on the question, see *Kreutzer & Wasem v. Reese,* 187 Iowa 1100. We think that the court should have permitted the petition of intervention to be filed, so that the firm of Cooper & Son would have been before the court and formally bound by the adjudication entered. If the intervener desired to furnish additional proof to sustain the record, which then showed that the firm had authorized the filing of the suit and the prosecution of the action in the name of the individual partner, the court could properly have received such testimony. However, upon the record as then made, the petition of intervention was proper as a formal·pleading to bring the firm into the case, in order that they might be adjudicated by the decree. The petition of intervention, in effect, did no more than to conform the pleadings to the proof offered, and to make the firm of Cooper & Son a party, to be bound by the adjudication.

The decree of the lower court will be reversed, and the cause remanded to the district court, with directions to permit the filing of the petition of intervention, and for such further proceedings as are consistent with this opinion.—*Reversed and remanded.*

All the justices concur.