### WILSON v. SANDS et al.

(Circuit Court of Appeals, Eighth Circuit. March 9, 1916.)

#### No. 4418.

1. COMPROMISE AND SETTLEMENT ⬤➡23(3)—CANCELLATION—EVIDENCE—FRAUD —MISTAKE.

In a suit to cancel a contract for the settlement of personal injuries to a passenger, evidence *held* not clear, unequivocal, and certain that the contract was procured by fraud or mistake, and therefore not to justify setting it aside.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. § 94; Dec. Dig. ⬤➡23(3).]

2. APPEAL AND ERROR ⬤➡1009(1)—REVIEW—FINDINGS OF FACT—EQUITABLE SUIT.

The conclusion of the lower court in a suit to cancel a contract of settlement for fraud or mistake, based on oral testimony and depositions, is presumptively correct, and should be followed on appeal, unless an obvious error is found in the application of the law, or a serious and important mistake in the consideration of the proofs.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3970, 3978; Dec. Dig. ⬤➡1009(1).]

Appeal from the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Suit by Miss Artie Wilson against George L. Sands and others to

---

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cancel a contract of compromise and settlement. Decree for the defendants, and complainant appeals. Affirmed.

I. W. Crabtree, of Memphis, Tenn. (J. M. Shinn, of Jasper, Ark., and Anderson & Crabtree, of Memphis, Tenn., on the brief), for appellant.

W. B. Smith and J. Merrick Moore, both of Little Rock, Ark., for appellees.

Before ADAMS and CARLAND, Circuit Judges.

ADAMS, Circuit Judge. Artie Wilson, the appellant, sustained an injury when a passenger on the Missouri & North Arkansas Railroad, operated by the appellees, Sands, McDonald, and Holt, as receivers, and presented claim for damages against them. Negotiations followed, which resulted in a compromise and settlement whereby the receivers paid her $235, besides paying her doctor bills, amounting to some $300 more. Pursuant to the terms of the settlement the appellant executed and delivered to the receivers a release of any and all claims or demands existing against them for and on account of the injury so received by her.

This was a bill in equity to rescind the contract of settlement so made and cancel the release executed by appellant. It is alleged in the bill that the settlement was brought about and her release secured by fraud and deception practiced by the agents of the receivers upon her, and that it was the result of a mutual mistake of facts. The defendants in their answer deny specifically these allegations.

[1] The case came on for hearing before the court below where oral evidence and testimony taken by depositions were heard. The evidence on the part of the plaintiff tended to show that she received an injury occasioned by the derailment of the car in which she was seated; that she was prevented from working to her full capacity for some time; that it was four months, or more, before she was able to go back to her work, she being a masseuse; that during this time she suffered much pain. Her testimony also tended to show that the physician, acting for the defendant railroad company, and a claim agent for that company, soon after the injury was sustained, made representations to her to the general effect that her injury was not permanent, that she would be well in three or four weeks, and that it would be best for her to compromise and settle her case, if she could get a fair and reasonable amount, and that representations of this kind resulted in her making an agreement to settle on the terms already indicated.

Testimony of the defendants, including that of the physician and the claim agent, is to the effect that her chief injury was to her finger; that the doctor told her, in his opinion, the finger would soon recover, and that her injury would not be permanent; that he did not think it advisable to settle the matter right then; that the wound had not progressed sufficiently for him to be positive as to its extent or as to the duration of her inability to work. He swears positively that he did not assure her that her finger would get well, that he only gave it

to her as his opinion that the probability was that the finger would get well, and that such was his honest opinion.

The claim agent testified, in effect, that the question of settlement was first mentioned eight days after the injury, and that Miss Wilson broached the matter to him first. He says that he and she talked about her hand and finger, and talked the matter over fully the morning of the day the settlement was made. He said he told her the information he had received from the doctors who had seen her hand was to the effect that they believed her finger would get all right in three or four weeks, and he says that on that basis he advised her that it would be all right, and they talked the matter over and finally arranged the settlement on the terms stated.

The evidence in this case, so far as it concerns the fraud and mistake upon which is based the right to set aside the release in question, consists mainly of the testimony of the plaintiff in her own behalf and the doctor and claim agent of the defendants on their behalf. To this evidence just epitomized we have given careful consideration, bearing in mind the interest of both parties involved in this case, and the disadvantage under which a claimant generally acts in the matter of making settlements of this kind under like circumstances. As a result, we are not persuaded that plaintiff, upon whom the burden rested, made out a case within the spirit and meaning of the well-established rule of this and the Supreme Court which requires that the evidence adduced to set aside a written contract must be clear, unequivocal, and certain. Mastin v. Noble, 85 C. C. A. 98, 157 Fed. 506, and cases cited. And see C. & N. W. Ry. Co. v. Wilcox, 54 C. C. A. 147, 116 Fed. 913, for an instructive opinion on a case similar to this; on the contrary, we think the proof well warranted the conclusion reached below.

[2] Moreover, this conclusion is presumptively correct, and according to well-recognized practice should be followed, unless an obvious error is found to have occurred in the application of the law or a serious and important mistake made in the consideration of the proof. Mastin v. Noble, supra; Babcock v. DeMott, 88 C. C. A. 64, 160 Fed. 882, 885.

Finding neither of these in the proceedings before the trial court, its decree should not be disturbed.

It is accordingly affirmed.