### BELL v. SAXON et al.

(Circuit Court of Appeals, Fifth Circuit. February 19, 1924.)

No. 4196.

1. Appeal and error ⊜⇒1011(2)—Finding on conflicting evidence presumptively correct.

A finding of a court on conflicting evidence is presumptively correct, and the fact that testimony was taken by deposition does not render such rule inapplicable.

2. Appeal and error ⊜⇒1011(1)—Finding not set aside, unless serious mistake made.

A finding of a court on conflicting evidence is not subject to be set aside by an appellate court, unless it is found that a serious and important mistake was made in the consideration of the proof.

Appeal from the District Court of the United States for the Northern District of Florida; William B. Sheppard, Judge.

Suit by A. E. Bell against George W. Saxon and another. Decree for defendants, and plaintiff appeals. Affirmed.

Henry A. Jones, of Tuscaloosa, Ala., and John H. Carter and John H. Carter, Jr., both of Marianna, Fla. (De Vane K. Jones and A. V. Van de Graaff, both of Tuscaloosa, Ala., on the brief), for appellant.

Wm. H. Baker, of Jacksonville, Fla., Francis B. Carter, of Pensacola, Fla., and Fred T. Myers, of Tallahassee, Fla. (Wm. Blount Myers, of Tallahassee, Fla., and Carter & Yonge, of Pensacola, Fla., on the brief), for appellees.

Before WALKER and BRYAN, Circuit Judges, and SIBLEY, District Judge.

WALKER, Circuit Judge. This was a suit by the appellant for the rescission of a contract made with him in February, 1920, by the appellees, Saxon and Perkins, for the sale by the latter to appellant of all of township 3 south, range 9 east, in Taylor county, Fla., except the sixteenth section thereof. The ground relied on to support the asserted right to a rescission was that one Patterson, the authorized

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

agent of Saxon and Perkins, through a subagent, Kelly, appointed by Patterson for that purpose, undertook to show appellant the lands Saxon and Perkins were proposing to sell, and to point out the boundaries of such lands, which were uninclosed and unimproved, and misrepresented the lands proposed to be sold, by showing appellant different lands; the boundaries pointed out as those of the lands proposed and contracted to be sold being materially different from the real boundaries of such lands. Appellant claimed that by such misrepresentation he was influenced to become the purchaser of the land which was deeded to him. By the decree appealed from appellant's bill was dismissed, and the foreclosure of his mortgage for the unpaid part of the purchase price was ordered, pursuant to the prayer of a cross-bill filed by appellees. The testimony in the case was by depositions given out of the presence of the trial judge.

[1, 2] Other evidence adduced was in sharp conflict in material respects with the testimony which tended to prove the above mentioned ground of rescission. It is disclosed that the court found in accordance with the evidence which was inconsistent with appellant's claim. A finding of a court on conflicting evidence is presumptively correct. The fact that the testimony was taken by depositions, as above stated, does not render inapplicable the rule stated. Such a finding is not subject to be set aside by an appellate court, unless it is found that a serious and important mistake was made in the consideration of the proof. Road Improvement District No. 2 v. Missouri Pacific R. Co. (C. C. A.) 275 Fed. 600; Wilson v. Sands, 231 Fed. 921, 146 C. C. A. 117. An examination of the record has led to the conclusion that the evidence adduced was not such as to warrant this court in setting aside the finding and decree of the trial court. We have not been convinced that the court's finding and decree were against the preponderance of the evidence adduced. In view of the just-mentioned condition of the record, a discussion of the evidence is not deemed necessary. It is not claimed that the decree was erroneous, if appellant was not entitled to a rescission. The record shows no reversible error.

The decree is affirmed.